### In re E. C. FISHER CORP.

(District Court, D. Massachusetts. May 18, 1915.)

No. 16788.

1. BANKRUPTCY ⬤⟿346—PREFERRED CLAIMS—TAXES—POWER OF BANKRUPTCY COURT.

Under Bankr. Act July 1, 1898, c. 541, § 64a, 30 Stat. 563 (Comp. St. 1913, § 9648), making taxes preferred claims, but providing that, in case any question arises as to the amount or legality of any such tax, it shall be heard and determined by the court, the court is not bound by the action of the taxing authorities, but may decide the amount or legality of the tax for itself, and is not limited to such questions as the bankrupt might have raised against the tax at the date of the bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 535; Dec. Dig. ⬤⟿346.]

2. BANKRUPTCY ⬤⟿346—PREFERRED CLAIMS—TAXES—VALIDITY.

A state tax commissioner assessed against a corporation a tax based on the market value of its stock, acting upon a padded and false return

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

made by the corporation, which largely overstated its assets and under-stated its liabilities. The stock was in fact worthless, and if the real facts had been disclosed no assessment could properly have been made. *Held*, that the state was not entitled to the allowance of the tax in bank-ruptcy, to the prejudice of the general creditors of the corporation.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 535; Dec. Dig. &⚖=346.]

In Bankruptcy. In the matter of the E. C. Fisher Corporation, bankrupt. On review of an order of the referee. Affirmed.

William R. Buckminster, of Boston, Mass., for trustee.

Roger Sherman Hoar, Asst. Atty. Gen., for the Commonwealth of Massachusetts.

MORTON, District Judge. [1] Section 64a of the Bankruptcy Act, which makes taxes preferred claims, provides that a trustee shall be credited with the amounts paid therefor upon filing receipts of the proper public officers; and it further provides that "in case any question arises as to the amount or legality of any such tax, the same shall be heard and determined by the court." The tax asserted by the public officer and evidenced by his bill would ordinarily represent the final determination of the taxing authority. The power explicitly given to the bankruptcy court to hear and determine "any question" as to the "amount or legality" of the tax would seem to imply that it is not bound by the action of the taxing authority, but may decide the question for itself; and the right is not limited by the statute to such questions as the bankrupt might still have raised against the tax at the date of the bankruptcy proceedings.

There are strong reasons why such power and right should have been given to the bankruptcy court. Persons in failing circumstances are apt to be careless about their taxes, and not to take the necessary steps to protect themselves against improper taxation. In the case of corporations, compelled by statute to make a public return of their financial condition, there is great temptation to give that return an appearance favorable to the corporation, as was done in this case, in the hope of not impairing its credit. It was eminently just that, when taxes were given priority over other claims, general creditors should be protected against the depletion of the debtor's estate by payment of excessive or unjust taxes.

[2] In New Jersey v. Anderson, 203 U. S. 483, 27 Sup. Ct. 137, 51 L. Ed. 284, 17 Am. Bankr. Rep. 63, 70, it was the duty of the state board to ascertain and fix the amount of the franchise tax in the cases of corporations which failed to make returns, and the amount fixed by the board became due and payable. The bankrupt corporation there in question made no return. The state board fixed its tax upon the whole authorized capital. In the bankruptcy proceedings the state presented a bill for the taxes so fixed. In fact, only one quarter of the capital stock had been issued—$10,000,000, instead of $40,000,000—and it was held by the Supreme Court of the United States that the bankruptcy court had power to revise the amount of the tax and to allow only so much of the bill as was properly due.

In the present case the tax commissioner of Massachusetts, instead of acting on no return by the bankrupt corporation, acted upon a padded and false return made by it, which largely overstated its assets and understated its liabilities. He fixed the value of its stock at $50 per share, when in fact the stock was worthless. If the real facts had been disclosed, no assessment could properly have been made. The principle on which New Jersey v. Anderson was decided seems to cover the case at bar.

I do not think that the general creditors ought to be prejudiced by the action of the officers of the bankrupt corporation in making this false return, nor that the state of Massachusetts is entitled to receive at their expense this tax, to which, upon the real facts, it was not entitled.

It is contended for the state that, although in fact the stock may have been worthless, it does not follow that the tax valuation is illegal or excessive, because, under Massachusetts law, it was assessed, not with reference to intrinsic worth, but with reference to "market value" only; and it is said that the stock of an insolvent corporation may have market value if the insolvency is not known, and that the agreed facts state that the tax commissioner acted, not only on the return and the testimony of Wyman, but upon "other things." It is urged that, although the return was grossly false and Wyman's testimony (or information) very inaccurate, there may nevertheless have been other facts warranting a determination that the market value was $50 a share, and that this court should therefore put that value upon the stock. But this court is not undertaking to revise the tax commissioner's action on the evidence before him; it is endeavoring to ascertain for what amount the tax claimed ought to be allowed as a preferred claim. For this purpose, the amount and legality of the tax are to be determined by the bankruptcy court. In re Heffron Co. (D. C.) 216 Fed. 642, 650; In re Selwyn Importing Co., 18 Am. Bankr. Rep. 190. While the tax commissioner might have based his valuation on other facts than those contained in the corporation's return, there is no evidence that he did so, nor that the stock in question had a market value different from its real value.

I agree with Mr. Referee Perry that the tax is not due, and that the claim should be expunged.

Decree affirmed.