## In re PERLMUTTER et al.

### (District Court, D. New Jersey. February, 1919.)

BANKRUPTCY ⬥341—REDUCTION OF CITY TAXES—DEDUCTION—STATUTE.

The District Court, pursuant to Bankruptcy Act, § 64a (Comp. St. § 9648), cannot reduce the city taxes of bankrupts by deducting, for purposes of taxation, from the value of personal property, money, effects, and credits during the years involved, all debts bona fide owing from the bankrupts to creditors residing in New Jersey, in the absence of the necessary claim therefor made by the bankrupts to the body charged with the assessment of taxes in the city, as required by New Jersey Tax Act, § 13, before the assessor is required by law to certify his tax duplicates to the body or bodies charged with the revision and correction of taxes, and the ascertainment of the tax rate.

In Bankruptcy. In the matter of Joseph Perlmutter and Harry Perlmutter, individually and as copartners trading as "Perlmutters" and "The Quality Shop," bankrupts. On petition to review order of a referee allowing, as entitled to priority, the claim of the city of Jersey City in the sum of $3,035.60. Order affirmed.

See, also, 256 Fed. 862.

Samuel Heyman, of Jersey City, N. J., for trustee.
Joseph F. Autenrieth, of Jersey City, N. J., for Jersey City.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

HAIGHT, District Judge. The trustee's contention, broadly stated, is that the taxes assessed against the personal property of the alleged bankrupts by the city of Jersey City for the years 1908 to 1916, inclusive, are too high, and that they should now be reduced by this court, pursuant to section 64a of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 563 [Comp. St. § 9648]). This contention is based on the proposition that, by sections 12 and 13 of the New Jersey Tax Act, which was in effect from 1908 to 1914, inclusive (Comp. Stat. N. J. vol. 4, p. 5093, §§ 12 and 13), the bankrupts were entitled to have deducted, for purposes of taxation, from the value of their personal property, money, effects, and credits, during those years respectively, all debts bona fide due and owing from the bankrupts to creditors residing in this state, and that such deductions were not made in reaching the valuation upon which the taxes for those years were assessed. Concededly the bankrupts were entitled to no such reduction for the years 1915 and 1916, because of the provisions of an act of the New Jersey Legislature approved April 15, 1914 (P. L. 1914, p. 353).

Assuming that this court, under the authority conferred by the before-mentioned section of the Bankruptcy Act, has the power to make such a reduction as is sought (for which the decision of the Supreme Court in New Jersey v. Anderson, 203 U. S. 483, 27 Sup. Ct. 137, 51 L. Ed. 284, 17 Am. Bankr. Rep. 63, is claimed to be an authority), there still remains, in my judgment, an insurmountable obstacle to the making of any such reduction. Section 13 of the New Jersey Tax Act before mentioned, provides that—

"No such deduction shall be made unless the debtor shall make claim therefor in writing under oath and therein set forth the debts owing by him, when incurred, to whom owing and where the creditor resides, and also the total amount of personal property of the claimant, including debts owing to him from solvent debtors, and also that no part of such debt was incurred for the purpose of reducing the taxes of the claimant," etc.

There is no evidence that any such claim or statement was ever filed by the alleged bankrupts with the taxing authorities of Jersey City; in fact, the briefs of counsel seem to concede that they were never filed. It has been held several times by the New Jersey courts that a strict compliance with the requirements of the last-quoted provision of the statute is an essential prerequisite to the right to make or procure any such reduction. State v. Grey, 29 N. J. Law, 380; State v. Johnson, 30 N. J. Law, 452; Mount v. Parker, 32 N. J. Law, 341; Tatum v. McChesney, 34 N. J. Law, 63; Forst v. Parker, 34 N. J. Law, 71; Young v. Parker, 34 N. J. Law, 49; Perkins v. Bishop, 34 N. J. Law, 45.

The act construed in those cases was, in all material respects, the same as that which was in force when the taxes in question were levied, except in one particular: The former act provided that the statement or claim should be filed or delivered to the assessor on or before the time limited by law for closing the assessment. No such specific provision appears in either sections 12 or 13 of the latter act. It is entirely clear, however, when the other provisions of the Tax Act are taken into consideration, that it was the intention of the Legislature

that the claim and statement should be filed before the assessor is required by law to certify his tax duplicates to the body or bodies charged with the revision and correction of taxes, and the ascertainment of the tax rate. As one of the essential elements necessary to determine the tax rate in any given year is the value of the ratables in the municipality, it would be unwarranted to assume that it was intended that a claim for deduction on account of debts due and owing by the person subject to taxation, could be made at any time after that fixed by law, for the ascertainment of the tax rate. That this is the proper construction of the act, I think, is supported by the decision of the state board of equalization of taxes in Re Nucoa Butter Co. et al., 36 N. J. Law J. 315.

As there is no evidence that the bankrupts made the necessary claim to the body charged with the assessment of taxes in Jersey City, either within or after the time when they should have done so, and thus, as there is no evidence that they complied with the statute which authorized the deduction to be made, a strict compliance with the terms of which was necessary in order to entitle the bankrupts to a deduction, my conclusion is that the trustee is not entitled to have the deduction which he claims made. No question is raised as to the correctness of the action of the referee in disallowing interest and advertising as a priority claim.

The order of the referee will accordingly be affirmed.