**McCARL, Comptroller General, v. HAL-STEAD.**

**No. 5210.**

Court of Appeals of District of Columbia.

Argued Oct. 15, 1930.

Decided Dec. 1, 1930.

Leo A. Rover, R. L. Golzé, and O. R. McGuire, all of Washington, D. C., for appellant.

Manton M. Wyvell, M. E. Rauber, and Clyde L. Rogers, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment in the Supreme Court of the District directing the issuance of a writ of mandamus commanding appellant, as Comptroller General, "to pay or authorize the payment of the award made by the Secretary of the Interior in the sum of $97,139.50 with interest at six per cent. from December 9th, 1925, to the time of payment."

The cause was heard on the petition, the rule to show cause, the answer of the Comptroller to the petition, the reply by appellee to the answer, and stipulations as to facts.

The material and undisputed facts are as follows:

On March 29, 1918, the American Manganese Manufacturing Company filed its income tax return for the year 1917.

On December 13, 1922, the court of common pleas No. 4 of Philadelphia county, Pa., appointed appellee receiver for the company, and he has since acted in that capacity. The filing of the suit herein was by authority of that court.

On March 22, 1923, a registered letter containing details of a proposed assessment of additional tax against the company, amounting to $236,633.01, was sent by the Commissioner of Internal Revenue to the company at its Philadelphia address, and was delivered to the receiver.

On March 23, 1923, the commissioner made an additional assessment in the amount stated in the letter of March 22d, and "the assessment was formally entered on the list the same day—that is, March 23, 1923."

On April 26, 1923, the collector of internal revenue of the Philadelphia district,

"a duly authorized agent for the United States," filed in the receivership proceeding a proof of claim for the additional taxes assessed March 23, 1923. Objection to the allowance of this claim was made by the receiver, and on November 15, 1926, the claim was formally withdrawn.

In May, 1919, the manufacturing company filed its claim with the Secretary of the Interior for an award under the provisions of the War Minerals Relief Act of March 2, 1919 (40 Stat. 1272).

On December 9, 1925, the Secretary of the Interior made an award in favor of the company in the sum of $97,139.50, and duly certified the award to the Comptroller for payment.

On January 5, 1926, the receiver made a formal demand upon the Comptroller for the payment of the award. The Comptroller answered that the Commissioner of Internal Revenue had advised his office that the company was indebted to the United States for assessments of income taxes in an amount in excess of the award, and requested the receiver to advise "this office what steps you intend to take with the view of liquidating the indebtedness of the American Manganese Company to the United States for taxes, penalties, and interest, and also whether it is agreeable to you for this office to use the award apparently due as a partial offset against the indebtedness." The receiver denied any indebtedness to the United States, and refused to consent to the set-off suggested in the letter of the Comptroller General, who (notwithstanding that all the facts previously stated were known to him, and against the continued protest of the receiver) on September 14, 1926, made the set-off. The receiver requested the Comptroller General to review the above action, and on January 25, 1928, the Comptroller General, with all the facts before him, adhered to the position previously taken. Thereupon, this suit was instituted.

The tax in question was assessed under the Revenue Act of 1917 (39 Stat. 1000), and certain provisions of the Revenue Act of 1921 (42 Stat. 227). Section 250(d) of the Revenue Act of 1921 provides, in part, that: "The amount of any such taxes due under any return made under this Act for prior taxable years or under prior income, excess-profits, or war-profits tax Acts * * * shall be determined and assessed within five years after the return was filed; * * * and no suit or proceeding for the collection of any such taxes due under this Act or under prior income, excess-profits, or war-profits tax Acts * * * shall be begun, after the expiration of five years after the date when such return was filed. * * * "

In Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 390, 71 L. Ed. 676, it was held that "suit" or "proceeding" applies not only to suits in court, but also to "proceedings" to collect such taxes by distraint. The court said: "Petitioner [collector] insists that the word 'proceeding' refers only to a proceeding in court and means the same as 'suit,' and that the act prescribes no limitation against the collection of such taxes by distraint. There are two methods to compel payment. One is suit, a judicial proceeding; the other is distraint, an executive proceeding. The word 'proceeding' is aptly and commonly used to comprehend steps taken in pursuit of either. * * * A reasonable view of the matter is that it was the intention of Congress by the clause here in question to protect taxpayers against any proceeding whatsoever for the collection of tax claims not made and pressed within five years." In that case the tax had been assessed within the statutory period.

Under the Act of 1921, therefore, the assessment in the instant case must have been made within five years after the return was filed, and any suit or proceeding must have been commenced within that period.

It is the contention of the Comptroller General that the letter of the commissioner sent to the company on March 22, 1923, was a "proceeding" within the meaning of the Act of 1921 and therefore tolled the statute of limitations. We cannot accept this contention. The assessment had not then been made, but, even if it had been, a mere notice of assessment and demand for payment is not a "suit" or "proceeding" within the meaning of the Act of 1921 as interpreted by the Supreme Court in the Bowers case. Admittedly, no other action was taken within the five-year period. Consequently, when the set-off was attempted the government's claim was stale, unless the pendency of the receivership rendered unnecessary the institution of a suit or proceeding.

The assets and property of the American Manganese Manufacturing Company were in the hands of the receiver, an officer of a state court of competent jurisdiction. In our view, it was the duty of the United States to file its claim for taxes like any other creditor if it desired to share in the estate,

but it waited until after the expiration of the five-year period before filing its claim, and then withdrew it. Whether, as seems to be contended by the Comptroller General, the state court was without jurisdiction to pass upon the validity of the tax is unimportant, for, assuming the want of such jurisdiction, the United States might have obtained permission to bring suit in a court of competent jurisdiction. Moreover, Congress by section 282(a) of the Revenue Act of 1926 (44 Stat. 9, 62, 26 USCA § 1071(a) and section 274 (a) of the Revenue Act of 1928 (45 Stat. 791, 856, 26 USCA § 2274(a), relating to bankruptcy and receiverships, provided that "claims for the deficiency and such interest, additional amounts and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, * * *" whether a state or federal court.

In the case of In re General Film Corporation (C. C. A.) 274 F. 903, the trustee in bankruptcy disputed a claim for additional income taxes. The government contended that his only remedy was to pay, and then proceed by appeal to the Commissioner; and if the commissioner delayed action for more than six months, to bring suit. The court held that a claim of the government for taxes is not ordered paid as a matter of course, but the bankruptcy court passes on and determines the validity of the tax in the first instance. See also in Re Anderson (C. C. A.) 279 F. 525.

When, therefore, the Secretary of the Interior certified the award in favor of the Manganese Company to the Comptroller General for payment, there was no valid claim which might have been set off against it. In other words, the duty of the Comptroller General was purely ministerial and subject to control by mandamus. McCarl v. United States, 58 App. D. C. 319, 30 F.(2d) 561.

Judgment is affirmed.

Affirmed.