In re CLAYTON MAGAZINES, Inc.

UNITED STATES v. IRVING TRUST CO.
No. 443.

Circuit Court of Appeals, Second Circuit.
June 3, 1935.

Martin Conboy, U. S. Atty., of New York City (Elizabeth Rogers Horan, Asst. U. S. Atty., of New York City, of counsel), for the United States.

McManus, Ernst & Ernst, of New York City (Walter E. Ernst, Abraham I. Menin, and Arthur S. Simon, all of New York City, of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The bankrupt was adjudged such June 17, 1933. Appellee was appointed trustee July 11, 1933. December 22, 1933, the collector of internal revenue filed a proof of claim in bankruptcy for additional income tax for 1931, and on February 15, 1934, filed another for the year 1926. The appellee moved to expunge both claims. At the hearing, the United States admitted there was no additional tax due for 1931, and that the bankrupt had overpaid its income tax for that year in an amount of $3,741.47. This was the sum the bankrupt paid in four installments for 1931, the last installment being on December 15, 1932. Claim for a refund of this amount was filed September 14, 1934, by the appellee. The appellee moved to consolidate the two motions to expunge each claim, and to include therein a petition to set off the tax paid for 1931 against the additional tax claimed for 1926. This was granted by the referee and affirmed by the court below. The order entered pursuant to this decision is appealed.

The government contends that the set-off should not be allowed in full because the refund of all but the last installment of the 1931 tax was barred by the two-year statute of limitations for filing claims for refunds contained in the Revenue Act of 1928, § 322, 26 USCA § 2322, and that the last installment was the only amount which might be set off. It is agreed that if the 1926 tax claim is allowed, the last installment paid on the 1931 tax is a proper set-off.

Claims of a bankrupt against a creditor may be set off against the creditor's claims against the bankrupt in case of mutual debts or mutual credits. Section 68a, Bankruptcy Act (11 USCA § 108 (a). The appellee is seeking a refund of the tax paid for 1931 by claiming a set-off. It cannot be used as a set-off unless it constitutes an allowable refund. The allowance of a set-off does not alter the underlying legal relations between the parties, for one against whom a set-off is claimed must still be under the legal obligation to pay the amount of the set-off to the claimant. A set-off may not be allowed here if the appellant is under no legal duty to refund the 1931 tax. Where the collection of the tax is barred by the statute of limitations, it is not a valid claim, and may not be allowed as a set-off. McCarl v. Halstead, 59 App. D. C. 395, 45 F. (2d) 665. The total amount of the 1931 tax cannot be allowed here as a set-off because no claim for refund was filed therefor within the statutory period. No refund for an overpayment may be made by the government unless the claim is filed within two years of the date of the payment, and the two years run from the date of payment of each installment of the tax. Section 322 (a, b), Revenue Act of 1928, 26 USCA § 2322 (a, b). Since the claim for the refund was filed September 14, 1934, it is timely for the last installment only. Rock Island, Arkansas & Louisiana Ry. Co. v. United States, 254 U. S. 141, 41 S. Ct. 55, 65 L. Ed. 188; United States v. Felt & Tarrant Mfg. Co., 283 U. S. 269, 51 S. Ct. 376, 75 L. Ed. 1025; Moses v. United States, 61 F.(2d) 791 (C. C. A. 2).

While the period of the statute had not expired when bankruptcy occurred, it does not follow that the time ceased to run against the trustee. When bankruptcy came, the right of the bankrupt on that day was to file a claim for refund, not the right to the refund itself. This right to file is all that passed to the trustee. There was a corresponding duty of the government to pass upon the bankrupt's claim when filed in accordance with statutory requirements, but there was not then a duty to refund the income tax paid in 1931, when there

854

was no claim for a refund. The trustee, on the date of bankruptcy, was in the same position as the bankrupt.

It is argued that by virtue of section 64a of the Bankruptcy Act (11 USCA § 104 (a), the court may determine the amount or legality of any tax due and owing by the bankrupt to the United States. When the government files a proof of claim against the bankrupt for an additional tax assessment, it is not necessary to pay the tax under protest and sue for a refund. In re General Film Corp., 274 F. 903 (C. C. A. 2). The proof of claim is prima facie evidence of the validity of the claim. Whitney v. Dresser, 200 U. S. 532, 26 S. Ct. 316, 50 L. Ed. 584. A trustee may move to expunge the claim and the courts may determine whether it is due. State of New Jersey v. Anderson, 203 U. S. 483, 27 S. Ct. 137, 51 L. Ed. 284; Henderson County v. Wilkins, 43 F.(2d) 670 (C. C. A. 4). But a trustee in bankruptcy must file a claim for a refund in accordance with the provisions of the Revenue Act.

Section 274 of the Revenue Act of 1926 (26 USCA §§ 1048–1048f, 1050, 1052–1054) and section 271 of 1928 (26 USCA § 2272) provided that after an adjudication in bankruptcy, no petition for review may be filed by the trustee in the Board of Tax Appeals. These provisions make for consistency with § 64a of the Bankruptcy Act (11 USCA § 104 (a), and if a deficiency is assessed after bankruptcy, the bankruptcy courts have exclusive jurisdiction of new claims for taxes. But the government here has no duty to refund any except the last installment because the procedure fixed by statute for claiming such refund was not followed and there is no statutory authority to depart from the procedure in bankruptcy cases. In re Perlmutter (D. C.) 256 F. 860. The appellee's motion to set off the 1931 tax against the 1926 tax was made October 26, 1934, after the statutory period for filing a claim for a refund on the three installments paid had passed.

By pressing the set-off, the appellee is, in effect, asking an affirmative judgment against the United States. It is a set-off based on a cause of action which is separate and distinct from that upon which the original suit is based and the conditions of allowing the claim against the sovereign must be observed. United States v. Nipissing Mines Co., 206 F. 431 (C. C. A. 2); North Dakota-Montana Wheat Growers' Ass'n v. United States, 66 F.(2d) 573, 92 A. L. R. 1484 (C. C. A. 8).

Bull v. United States, 294 U. S. —, 55 S. Ct. 695, 79 L. Ed. —, dealt with the inconsistent claims asserted by the government as to the receipt of the same sum of money in the same year, while here are involved payments in two taxable years—five years apart—with different claims asserted each year. In the Bull Case, in 1925, the Commissioner assessed a deficiency against the estate for income tax for the period from the date of death to the end of the year 1920. The executors paid the deficiency but filed a claim for refund on the theory that the sum earned was corpus and not income. An illegal payment of estate tax for the same year was allowed to be set off against the income tax deficiency. The demanded payment of this income tax was regarded as a new proceeding arising out of the same transaction involved in the earlier proceeding. The court said that had the government brought an action at law in 1925, instead of assessing a deficiency, the defense of the overpaid estate tax would have been good, even if an independent suit for recovery of the estate tax was barred, and, "This is because recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations as long as the main action itself is timely."

In the instant case, an attempt is made to obtain a credit for an overpayment for 1931, the refunding of which is barred, against an income tax for 1926, five years earlier. The government's claim for 1926, and the claim of the appellee for 1931, are based on entirely different circumstances. Any set-off in 1931 is not a defense arising out of some feature of the transaction upon which the government's action is grounded. This distinguishes the instant case from the Bull Case.

It was error to expunge the claim of 1926.

**Order reversed.**