## CITY OF SPRINGFIELD v. HOTEL CHARLES CO.

## HOTEL CHARLES CO. v. CITY OF SPRINGFIELD.
### Nos. 3094, 3113.

Circuit Court of Appeals, First Circuit.
June 25, 1936.

Raymond D. Houlihan, of Springfield, Mass. (Edward A. McClintock, David B. Hoar, Ignatius M. Hoar, and McClintock, Hoar & Houlihan, all of Springfield, Mass., on the brief), for Hotel ·Charles Co.

Donald M. Macauley, City, Sol., of Springfield, Mass. (Francis I. Gallagher, of Springfield, Mass., on the brief), for City of Springfield.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

These are cross-appeals in a reorganization proceeding under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). The principal appeal is that taken by the petitioner, the Hotel Charles Company, from decrees of the District Court refusing to revise taxes assessed by the city of Springfield on the petitioner's real estate, and refusing to hold that a tax deed of the property to the city under which a lien is claimed is invalid. The city, probably as a matter of precaution, has attempted to ,appeal from rulings of law adverse to certain contentions made by it, although the ultimate decision was in its favor. The case was heard on the pleadings, a stipulation of facts, and an offer of proof by the petitioner, all of which are before us.

The petitioner owns a large hotel building in Springfield, Mass. Its petition for reorganization was duly filed and approved on June 1, 1935, and the usual order of notice to creditors and stockholders was issued and served. The city ·of Springfield presented a proof of claim for taxes on the petitioner's real estate in that city for the years 1931–1934, inclusive, amounting with interest and costs to $103,676.-15. For the unpaid tax of 1931, the property had been sold at tax sale and bought in by the city for the amount of the tax. The assessed values of the property on which the taxes were levied were, for 1931 $742,800, and for each of the other years $721,100. The petitioner contended that these valuations were excessive and not made in accordance with the statutes of Massachusetts which provide that taxes shall be assessed on "fair cash valuation" of property, and that the assessors arbitrarily and unreasonably disregarded the fundamental principle of uniformity in imposing them.

The district judge held that, as there had been no order of liquidation, he had no power under section 64a of the Bankruptcy Act, as amended by Act May 27, 1926, 11 U.S.C.A. § 104 (a), to revise the tax; and that on the petitioner's allegations and offer of proof no case was stated showing arbitrary and unreasonable disregard of the petitioner's rights in violation of the Fourteenth Amendment. He therefore declined to hear or order heard evidence on that question. He also ruled that the assessments and the tax deed were not invalid for misdescription of the property or on other technical grounds. On this last point, accepting as we must, because it is not shown to be clearly wrong, the finding that the descriptions of the property although containing slight errors were sufficient to identify it, it cannot be said that "any errors or irregularities in the proceedings of the collector" were either "substantial or misleading," which is required by the statute in order to warrant setting aside a tax title. Mass.Gen.Laws (Ter.Ed.) c. 60, § 37. The petitioner's technical objections are without merit. City of Fall River v. Conanicut Mills (Mass.) 1 N.E.(2d) 36.

On the question whether the District Court had power under section 64a to revise the taxes, it is settled that the power of state officials to determine and levy taxes must yield to the constitutional power of the federal government to establish what it regards as just rules for liquidation in bankruptcy. New Jersey v. Anderson, 203 U.S. 483, 27 S.Ct. 137, 51 L.Ed. 284; Van Huffel v. Harkelrode, 284 U.S. 225, 52 S.Ct. 115, 76 L.Ed. 256, 78 A.L.R. 453. See, too, In re E. C. Fisher Corp. (D.C.) 229 F. 316. We do not doubt the power of Congress to authorize courts of bankruptcy to re-examine claims for state taxes made against bankrupt estates and to allow them only for the amount which appears to be justly due, as is provided in section 64a. But we agree with the district judge that this power is not extended to cases under section 77B until an order of liquidation has been made. The power in question is by no means so essential to reorganization proceedings under that section as to warrant implying it in the face of express statutory provision to the contrary contained in subsection (k), 11 U.S.C.A. § 207 (k). The otherwise broad provisions of subsection (o), 11 U.S.C.A. § 207 (o), are cut down by the words, "and consistent with the provisions thereof"; this subsection cannot be regarded we think as intended to supersede the express language used in subsection (k). Nor can the general provisions in the sentence of subsection (k) which immediately follows that in which the applicable sections of the Bankruptcy Act are precisely specified be regarded as modifying the explicit language of the preceding sentence.

The final question is whether the facts alleged by the petitioner, including those stated in its offer of proof, show prima facie a violation of the Fourteenth Amendment by taking the petitioner's property without due process of law. Under the Massachusetts statutes (General Laws Massachusetts, Terc.Ed.1932), c. 59, §§ 64 and 65, a person aggrieved by the assessment of taxes against his real estate may appeal either to the board of county commissioners for the county in which the land lies or to the state Board of Tax Appeals. If the appeal is taken to the county commissioners, it may be removed by the city or town to the Board of Tax Appeals. The petitioner took no appellate proceedings under this statute with reference to any of the taxes in question; it failed to exhaust its administrative remedies. A substantially similar situation was presented in First National Bank of Greeley v. Board of Com'rs of Weld County, 264 U.S. 450, at page 456, 44 S.Ct. 385, 387, 68 L.Ed. 784, in which it was held that, "Plaintiff not having availed itself of the administrative remedies afforded by the statutes, as construed by the state court, it results that the question whether the tax is vulnerable to the challenge in respect of its validity upon any or all of the grounds set forth is one which we are not called upon to consider." Sutherland, J.

The decree of the District Court is affirmed with costs to the city of Springfield.