In re A. V. MANNING'S SONS.

District Court, D. New Jersey.
Nov. 6, 1936.

Alexander Budson, of Trenton, N. J. (Herman H. Levy, of New York City, of counsel), for debtor.

Sidney Goldmann, of Trenton, N. J., for City of Trenton.

FORMAN, District Judge.

On March 28, 1935, A. V. Manning's Sons filed a petition under Amendment 77B of the Bankruptcy Act (11 U.S.C.A. § 207). The company offered a plan of reorganization which was duly confirmed on June 14, 1935.

The city of Trenton filed a claim against the estate for personal property taxes for the years 1934 and 1935. The trustee made payments sufficient to liquidate the 1934 tax which he did not dispute. He filed a petition herein to have expunged the balance of the claim of the city covering taxes together with interest with pen-alties. The sum of $2,017.28 has been deposited in escrow to await the determination of the question raised in the petition.

The tax was levied under authority of the following provisions of the General Tax Act of New Jersey: "After making the valuation of the personal property for which any person shall be assessed the assessor may deduct from such valuation all debts bona fide due and owing from such person to creditors residing in the State, but no such deduction shall be made unless the debtor shall make claim therefor in writing under oath and therein set forth the debts owing by him, when incurred, to whom owing and where the creditor resides, and also the total amount of personal property of the claimant, including debts owing to him from solvent debtors, and also that no part of such debt was incurred for the purpose of reducing the taxes of the claimant, and that the stated value of the personal property of such claimant includes not only that to which he holds title or possession, but also that to which any other person holds title or possession for such claimant, whether in trust or not; such claim on behalf of a corporation shall be subscribed and sworn to by the president or principal officer. *Provided, however, that no deduction for debt shall be allowed from the assessed value of any tangible goods and chattels in which the value inheres in and is supported by the thing or article itself.*" P.L.1918, p. 854, § 303 (Comp.St.Supp.N.J.1924, § 208—66d(303). (Italics ours.)

The trustee submits that on October 1, 1934, when the 1935 assessment was made, the debtor owed to creditors residing in New Jersey a sum in excess of $45,000, the alleged value of its personal property. The trustee claims that the provisions of the above-quoted statute (section 303 supra) entitled him to deduct these debts from the value of the property.

The city contends that the italicized proviso of the statute precludes such deduction. The trustee further submits that in so far as the proviso is construed to operate upon the inventory of a merchant it is unconstitutional.

Again the act above quoted provides, "but no such deduction shall be made unless the debtor shall make claim therefor in writing under oath and therein set forth the debts owing by him, when incurred," etc. Neither the trustee nor the debtor made any such claim as required by the statute either in 1934 or in 1935.

A similar situation was presented in the case of In re Perlmutter et al., 256 F. 860, 861, wherein this court held, speaking through former Judge Haight:

"Assuming that this court, under the authority conferred by the before-mentioned section of the Bankruptcy Act, has the power to make such a reduction as is sought (for which the decision of the Supreme Court in New Jersey v. Anderson, 203 U.S. 483, 27 S.Ct. 137, 51 L.Ed. 284, 17 A.B.R. 63, is claimed to be an authority), there still remains, in my judgment, an insurmountable obstacle to the making of any such reduction. Section 13 of the New Jersey Tax Act [4 Comp.St.1910, p. 5094, § 13] before mentioned, provides that—

" 'No such deduction shall be made unless the debtor shall make claim therefor in writing under oath and therein set forth the debts owing by him, when incurred, to whom owing and where the creditor resides, and also the total amount of personal property of the claimant, including debts owing to him from solvent debtors, and also that no part of such debt was incurred for the purpose of reducing the taxes of the claimant,' etc.

"There is no evidence that any such claim or statement was ever filed by the alleged bankrupts with the taxing authorities of Jersey City; in fact, the briefs of counsel seem to concede that they were never filed. It has been held several times by the New Jersey courts that a strict compliance with the requirements of the last-quoted provision of the statute is an essential prerequisite to the right to make or procure any such reduction."

The trustee insists that he is not foreclosed of his alleged remedy by his failure or the failure of the debtor to meet the conditions laid down in the act, but that the question is nevertheless properly before the court "as involving the legality of the tax, etc., within the meaning of Sec. 64a, of the Bankruptcy Act."

■ However, I agree with the determination of the court in the case of In re Perlmutter, supra, that the administrative procedure outlined by the statute must be followed before relief is to be granted, and were this not so, I could not find myself in accord with the trustee's argument that his rights are to be founded under the broad scope of section 64a of the Bankruptcy Act, as amended (11 U.S.C.A. § 104(a).

It is to be remembered that this corporation (at least so far as the record discloses) was reorganized under the amendment to the Bankruptcy Act known as section 77B (11 U.S.C.A. § 207). There has been no liquidation in these proceedings as contemplated under that section. On the contrary, a decree has been entered confirming a plan of reorganization, and to the knowledge of the court the plan has been executed.

■ The power of courts of bankruptcy to re-examine claims for state taxes made against bankrupt estates and to allow them only for the amount which appears to be justly due, as provided in section 64a, is not to be extended to cases under section 77B until an order of liquidation has been made.

This has been so held in the recent case of City of Springfield v. Hotel Charles Co., 84 F.(2d) 589, 591, (C.C.A.1st), wherein the court held: "On the question whether the District Court had power under section 64a to revise the taxes, it is settled that the power of state officials to determine and levy taxes must yield to the constitutional power of the federal government to establish what it regards as just rules for liquidation in bankruptcy. New Jersey v. Anderson, 203 U.S. 483, 27 S. Ct. 137, 51 L.Ed. 284; Van Huffel v. Harkelrode, 284 U.S. 225, 52 S.Ct. 115, 76 L.Ed. 256, 78 A.L.R. 453. See, too, In re E. C. Fisher Corp. (D.C.) 229 F. 316. We do not doubt the power of Congress to authorize courts of bankruptcy to re-examine claims for state taxes made against bankrupt estates and to allow them only for the amount which appears to be justly due, as is provided in section 64a. But we agree with the district judge that this power is not extended to cases under section 77B until an order of liquidation has been made. The power in question is by no means so essential to reorganization proceedings under that section as to warrant implying it in the face of express statutory provision to the contrary contained in subsection (k), 11 U.S.C.A. § 207 (k). The otherwise broad provisions of subsection (o), 11 U.S.C.A. § 207(o), are cut down by the words, 'and consistent with the provisions thereof'; this subsection cannot be regarded we think as intended to supersede the express language used in subsection (k). Nor can the general provisions in the sentence of subsection (k) which immediately follows that in which the applicable sections of the Bankruptcy Act are precisely specified be regarded as

modifying the explicit language of the preceding sentence."

In the same case the reasoning of our court in the case of In re Perlmutter, supra, is supported in the following language: "The final question is whether the facts alleged by the petitioner, including those stated in its offer of proof, show prima facie a violation of the Fourteenth Amendment by taking the petitioner's property without due process of law. Under the Massachusetts statutes (General Laws Massachusetts, Ter.Ed.1932), c. 59, §§ 64 and 65, a person aggrieved by the assessment of taxes against his real estate may appeal either to the board of county commissioners for the county in which the land lies or to the state Board of Tax Appeals. If the appeal is taken to the county commissioners, it may be removed by the city or town to the Board of Tax Appeals. The petitioner took no appellate proceedings under this statute with reference to any of the taxes in question; it failed to exhaust its administrative remedies. A substantially similar situation was presented in First National Bank of Greeley v. Board of Com'rs of Weld County, 264 U. S. 450, at page 456, 44 S.Ct. 385, 387, 68 L.Ed. 784, in which it was held that, 'Plaintiff not having availed itself of the administrative remedies afforded by the statutes, as construed by the state court, it results that the question whether the tax is vulnerable to the challenge in respect of its validity upon any or all of the grounds set forth is one which we are not called upon to consider.' Sutherland, J."

Under this state of the law, it is quite unnecessary to discuss the merits of the trustee's contentions as to the constitutionality of the levy.

An order may be taken directing that the fund in escrow may be released and unqualifiedly delivered to the city of Trenton.