## In re WILSONITE CORPORATION.

District Court, D. New Jersey.

Aug. 14, 1939.

McDermott, Enright & Carpenter and Samuel M. Coombs, Jr., all of Jersey City, N. J., for trustee.

Charles A. Malloy, of Trenton, N. J., and Herman D. Ringle, of New Brunswick, N. J., for Unemployment Compensation Commission of State of New Jersey.

FORMAN, District Judge.

Wilsonite Corporation, debtor above named, sought reorganization under Section 77B of the Bankruptcy Act, as amended, 11 U.S.C.A. § 207.

The Unemployment Compensation Commission of the State of New Jersey filed a claim against it for taxes in the sum of $246.22 together with interest. The Commission withdrew its claim for penalty and the above amount was computed on the basis that the debtor owed its employees the sum of $11,100 for the year 1937 of which $5,815 had been paid.

Objection was made to this claim before the Special Master to whom the matter had been referred, and he reported that the claim should be reduced to the sum of $136.58 in taxes. Under the plan of reorganization adopted in the proceeding employees had agreed to a reduction in the amount of indebtedness due to them from the debtor, and he ruled that the taxes must be computed upon the wages actually paid or to be paid under this reorganization plan which had been confirmed by the court.

Subsequently, the Commission represented to the court by petition that through inadvertence the notice of the application for the court's approval of the Special Master's report had failed to reach the appropriate department of the Commission, and an order was entered directing the Trustee of the Debtor to show cause why the order of approval of April 28, 1939, should not be reconsidered and modified.

Accordingly, a hearing has been held upon said order to show cause, and the Commission contended that the Special

914

Master erred in reducing its claim to the sum of $136.58.

The pertinent New Jersey Statute provides, among other things, as follows:

"43:21–7. (a) Payment. (1) On and after December first, one thousand nine hundred and thirty-six, contributions shall accrue and become payable by each employer for each calendar year in which he is subject to this chapter, with respect to wages payable for employment (as defined in subsection (i) of section 43:21–19 of this title)* * *. Such contributions shall become due and be paid by each employer to the commission for the fund in accordance with such regulations as may be prescribed, and shall not be deducted, in whole or in part, from the remuneration of individuals in his employ.

\*     \*     \*     \*     \*     \*

"(d) Contribution by workers. (1) Each worker shall contribute to the fund one per cent (1%) of his wages paid by an employer with respect to his employment \*  \*  \*."

"43:21–14. \* \* \* (b) Tax a debt and lien; proceedings to recover; preference. The contributions, penalties, and interest due from any employer under the provisions of this chapter, from the time they shall be due, shall be a personal debt of the employer to the state of New Jersey, recoverable in any court of competent jurisdiction in an action at law in the name of the state of New Jersey. \* \* \*"

"43:21–19. \* \* \* (i) (1) 'Employment' means service, including service in interstate commerce, performed for remuneration or under any contract of hire, written or oral, express or implied." Revised Statutes of New Jersey, 1937, N.J.S.A. 43:-21–7 (a, d), 43:21–14(b), 43:21–19(i) (1).

The regulations of the New Jersey Unemployment Compensation Commission include the following:

"1.01 Employers' Contributions Accrue as Remuneration is earned: Employers' contributions shall accrue and become due as remuneration is earned by workers in covered employment. Payments of employers' contributions shall be made as hereinafter prescribed, but the Commission, by special regulation, may require the contributions due from any employer for any period to be paid upon demand."

"1.04 Bases of Contribution Payments: The payment for each reporting period shall include contributions, computed on a monthly basis, with respect to wages payable for employment in all pay periods (weekly, bi-weekly, semi-monthly, monthly) ended within the reporting period; except that (a) contributions for the first reporting period in any calendar year shall cover only wages payable for employment on and after January 1 of such year, and (b) contributions for the last reporting period in any year shall cover all wages payable for employment up to and including December 31 of that year, even though some portion of such wages may not be paid until after January 1 of the following year. In computing and paying employer ·contributions to the Unemployment Compensation Fund, a fractional part of a cent shall be disregarded unless it amounts to one-half cent or more, in which case it shall be increased to one cent."

The contention of the Unemployment Compensation Commission that the tax should be computed upon wages due the employees irrespective of their reduction by virtue of a reorganization plan is based upon the phraseology of the Statutes of New Jersey relative to the tax as above set forth. For example, it is provided that the employer's contributions shall accrue "with respect to wages *payable* for employment" "from the time they shall be *due*". (Italics supplied.) The Trustee argues that wages that have not actually been paid or ordered to be paid under the plan of reorganization will never be paid, and, therefore, it cannot be said that they constitute wages *payable*. Thus confined, the solution of the problem would depend entirely upon what the words, "due" and "payable" mean.

The Commission urges further that this court is without power to examine the claims and substitute its judgment for that of the assessment board.

The Commission cites the case of In re Gould Mfg. Co., D. C., 11 F.Supp. 644, wherein the trustee in bankruptcy sought a reduction in tax claims against realty of the bankrupt on the ground that the assessment was excessive. The referee "determined that a bankruptcy court is not limited to the valuation placed on the property by the tax officers", and adjusted the assessment to conform with what he thought the valuation should be. The district court reversed the referee on the ground that a bankruptcy court has not jurisdiction to be its own assessor of taxes.

It also cites the case of In re Schach, D. C., 17 F.Supp. 437, which presents an-

other situation wherein the trustee in bankruptcy complained that the assessment against the realty of the bankrupt was excessive and void. The court denied relief on the ground that a court of bankruptcy has no power to re-assess the value of property and reduce the amount of a tax if it finds that the assessing bodies have overvalued it.

In rebuttal the Trustee argues that the case of New Jersey v. Anderson, 203 U.S. 483, 27 S.Ct. 137, 51 L.Ed. 284, definitely establishes that this court has power to reduce the claim of the Unemployment Compensation Commission. In this case the State of New Jersey claimed franchise taxes against a bankrupt corporation based upon outstanding capital stock amounting to $40,000,000, and moved before the referee in bankruptcy for payment of the tax as a preferential debt. Actually, the outstanding capital stock amounted to only $10,000,000. The Court found power in itself to make the necessary adjustment. It stated: "Coming to the specific objections to the claim for the year 1902, the claim was presented upon the basis of $40,000,000 of outstanding capital stock, when in fact there was only $10,000,000 of such stock, the assessment by the state board being upon the former sum, and made upon the failure of the corporation to report. But we do not think the finding of the state board is conclusive. The tax is to be assessed upon capital stock actually outstanding. It may well be doubted whether the board had power to tax any other stock. But be that as it may, § 64a specifically provides that in case any question arises as to the amount or legality of taxes, the same shall be heard and determined by the court, with a view to ascertaining the amount really due. We do not think it was the intention of Congress to conclude the bankruptcy courts by the findings of boards of this character, and that the claim should have been upon the basis of the capital stock àctually outstanding." 203 U.S. 483, 493, 27 S.Ct. 137, 141, 51 L.Ed. 284.

The Court justified its correction of the assessment on the ground that Section 64a of the Bankruptcy Act specifically permitted it. This section is now incorporated in Section 64a (4) of the Bankruptcy Act of 1938 which contains the following provisions: "* * * And provided further, That, in case any question arises as to the amount or legality of any taxes, such questions shall be heard and determined by the court * * *." 11 U.S.C.A. § 104(a) (4).

The cases hereinbefore cited deal with bankruptcy and are distinguishable from the case at bar in that we are presently concerned with a *reorganization proceeding*. It is now relevant to consider whether or not Section 64a (4) is applicable to this type of proceeding.

In the case of In re A. V. Manning's Sons, 16 F.Supp. 932, before this court, the City of Trenton filed a claim against the debtor in reorganization under section 77B. The trustee urged a credit against this claim pursuant to a New Jersey statute. He did not, however, make it in accordance with the procedure designated in the statute. It was held that this failure precluded the trustee from asserting it, and even if this were not dispositive of his claim the court was without power to make the adjustment, and the court said: "The power of courts of bankruptcy to re-examine claims for state taxes made against bankrupt estates and to allow them only for the amount which appears to be justly due, as provided in section 64a, is not to be extended to cases under section 77B until an order of liquidation has been made." 16 F.Supp. 932, 933.

This language is predicated upon the ruling in the case of City of Springfield v. Hotel Charles Co., 1 Cir., 84 F.2d 589, wherein the petitioner, Hotel Charles Company, debtor in reorganization, had moved to reduce the assessments against its real estate on the ground that they were excessive, etc. The court refused to authorize reduction for like reason as above quoted.

The conclusion reached in these cases is unaffected by the Bankruptcy Act of 1938. It specifically provides that section 64 shall not apply to corporate reorganization. Section 102 of the Act is as follows: "The provisions of chapters 1 to 7, inclusive, of this Act [title] shall, insofar as they are not inconsistent or in conflict with the provisions of this chapter, apply in proceedings under this chapter: Provided, however, That section 23 [46], subdivisions h and n of section 57 [93], section 64 [104], and subdivision f of section 70 [110], shall not apply in such proceedings unless an order shall be entered directing that bankruptcy be proceeded with pursuant to the provisions of chapters 1 to 7, inclusive. * * *" 11 U.S.C.A. § 502.

It follows, therefore, that the order of this court entered on April 28, 1939 approving the report of the Special Master recommending a reduction in the claim of the

916

Commission must be vacated, because this court is without power to make such adjustment, and the claim will be allowed as filed in the sum of $246.22.