## In re PRUDENCE CO., Inc.

### Nos. 27496, 27028.

District Court, E. D. New York.

Jan. 30, 1936.

250

See, also, 10 F.Supp. 41; 10 F.Supp. 33; 12 F.Supp. 364.

Kaufman, Weitzner & Celler, of New York City, and Thomas Cradock Hughes, of Brooklyn, N. Y., for trustees of Prudence Co., Inc., debtor.

Powell & Ruch, of New York City (Clinton J. Ruch and Ross W. Lynn, both of New York City, of counsel), for Charles H. Kelby and Clifford S. Kelsey, trustees of New York Investors, Inc.

Cullen & Dykman, of Brooklyn, N. Y. (Ralph W. Crolly, of Brooklyn, N. Y., of counsel), for Brooklyn Trust Co.

Delafield, Thorne & Marsh, of New York City (George H. Porter, of New York City, of counsel), for City Bank Farmers Trust Co.

MOSCOWITZ, District Judge.

The trustees of the debtor herein have petitioned this court for leave to organize a corporation under the laws of the state of New York with an authorized capital stock of $20,000, consisting of 200 shares of the par value of $100 each, for the purpose of negotiating and placing insurance, to the extent lawfully permissible, upon or in connection with properties in which the debtor herein directly or through its subsidiaries or any of them is interested, whether as owner of said properties or as servicing agent of the mortgages thereon or otherwise, and further authorizing said trustees to subscribe and pay for 10 shares of the capital stock of such corporation.

It appears that the debtor as owner of properties or as servicing agent of the mortgages thereon has carried more than $150,000,000 of fire insurance and upwards of $10,000,000 of other kinds of insurance, including public liability, plate glass, theft, etc., as well as a substantial amount of coverage necessary to meet the requirements of the Workmen's Compensation Laws. At the present time all of the debtor's insurance business is transacted by Remsen Brokerage Company, Inc. The latter company and the debtor are wholly owned subsidiaries of New York Investors, Inc.

The trustees of the debtor have concluded that a substantial profit can be secured to the debtor by the formation of a corporation to engage in the business of negotiating and placing insurance upon the properties in which the debtor is interested. The trustees estimate that the annual business which would flow from the debtor to the proposed corporation will amount to between $300,000 and $400,000 in premiums, and that the brokerage commissions which will be received by the proposed corporation will amount to between $51,000 and $68,000, which would inure to the benefit of the debtor and its creditors.

The only objectors to the formation of the proposed corporation are the trustees of New York Investors, Inc., and Brooklyn Trust Company. The latter objects only in so far as the order to be made on this instant application, if granted, might constitute an adjudication that the debtor or its trustees have the right to service the mortgages embraced in the bond issues or certificated mortgage issues of which Brooklyn Trust Company is trustee or depositary for certificate holders, or in which it holds certificates. Since the order to be entered hereon will not have such effect, and it is to so provide, the objections of Brooklyn Trust Company may be deemed to be withdrawn.

The objections of the trustees of New York Investors, Inc., are easily understood, inasmuch as the granting of the instant application would result in the loss of the debtor's business by Remsen Brokerage Company, Inc., and consequently to the trustees of New York Investors, Inc., as sole stockholder thereof, of the revenue from insurance contracts presently placed by the debtor with Remsen Brokerage Company, Inc. While the trustees of New York Investors, Inc., are to be commended for their efforts which attempt to retain the benefits which the present arrangements ultimately bestow upon New York Investors, Inc., this court must examine the instant application with a view to determine whether the granting of the same will assist in the achievement of the aims and purposes of section 77B, Bankr.Act (11 U.S.C.A. § 207) and will permit the reorganization of the debtor upon a sound financial basis with sufficient earning capacity to meet its obligations as they ma-

ture. If the estimates of the trustees of the debtor are well founded, it is apparent that the income of the proposed corporation which will inure to the benefit of the creditors of the debtor will materially aid in.making effective a plan of reorganization.

It is contended that the purposes of the trustees of the debtor herein in organizing the proposed corporation is not the preservation of the assets of the debtor, and, since the powers of trustees under section 77B are to be gauged by those given to equity receivers, the action proposed to be undertaken is not legally permissible, as there is no case where a bankruptcy or equity court has authorized such action. That there is no precedent for the particular power here sought to be exercised is not necessarily an objection thereto. No case is presented which holds that such power does not exist, and, in view of the purpose of section 77B and the liberality of construction placed upon it by the courts to attain that purpose, in the absence of opposing authority or specific prohibition in the statute, it would seem that the powers exercised by a receiver in equity and conferred upon trustees under section 77B, subd. (c) (2), 11 U.S.C.A. § 207 (c) (2), are sufficient to permit this court to grant the instant application.

In Clark on Receivers (1929 Ed.) p. 541, it is said: "The power of a court to undertake through its receiver new and extensive enterprises is one to be exercised with great caution and only under exceptional circumstances. Yet the court has such power."

The application will be granted.

Settle order on notice.