### In re FINCO DYE & PRINT WORKS, Inc.
No. 29478.

District Court, E. D. New York.
June 24, 1936.

Barnett J. Nova, of New York City, for trustees.

April & Eisenrod, of New York City, for debtor.

Edwin M. Slote, Meyer William Ross and Robert W. Maloney, all of New York City, for creditors.

Duberstein & Schwartz, of Brooklyn, N.Y., and Wood, Molloy & France, of New York City, for creditors' committee.

MOSCOWITZ, District Judge.

In this motion, which is unopposed, the trustees of the above-named debtor under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207) seek authority from the court to accept the offer of the city of New York and the United States of America to purchase the real property of the debtor located at No. 83–93 Scholes street, Brooklyn, N.Y., for the sum of $180,000 without interest, which offer also reserves to the trustees the right to remove all fixtures from said property, which said fixtures must be removed within 45 days after the closing of title. The trustees seek further authority to execute a deed conveying said real property of the debtor to the United States of America pursuant to the above mentioned offer.

The assessed value for tax purposes of the land and building by the city of New York for the year 1936 is $95,000. The appraisal submitted by the city of New York is as follows: Land and building $115,000, fixtures attached to the realty $10,000—total $125,000. As of May 2, 1935, the value of the real property was appraised by Mr. Joseph P. Day to be worth $155,248.

It is apparent from the foregoing that the consideration offered for the property involved is amply sufficient and the transaction should be approved, being beneficial to the estate, unless trustees under section 77B of the Bankruptcy Act are without power to convey real property belonging to a debtor. The question is posed by reason of the fact that the court has been unable to find, and has not been referred to, any case wherein comment upon this precise point was made. But lack of comment in this respect does not necessarily mean that the question is reasonably arguable. It is not improbable that during the course of the administration of the many estates of the debtors in reorganization under section 77B the courts have sanctioned conveyances of properties by trustees appointed thereunder, and the question relating to the power of such trustees to perform those acts must have been assumed to be not an open one.

The case of In re Allied Owners Corporation (Paramount Theatre Building), (D.C., E.D.N.Y.) 16 F.Supp. 171, decided November 8, 1935, and reported in section 3701 of the C. C. H. Bankruptcy Law Service, is plainly indicative of this attitude, undoubtedly justified, upon the part of the courts. There, in a proceeding under section 77B, the court did not approve a contract of sale of the debtor's real property by the trustees upon the sole ground that the sale would be improvident in view of the circumstances presented. The importance of the transaction involved in that case clearly required consideration of the question of power if it were thought that the existence of that power was at all debatable. However, there was a dominant assumption that this power was present, and this is clearly shown by reference to the following concluding language in the opinion rendered in that case: "Subject of course to the due presentation of some other bid which will meet with the approval of the Trustees and the court, no attempt should be made to sell this property * * * until the said effort to reduce the taxes has been made."

Reorganization hardly contemplates maintenance of the status quo. If the sale of property belonging to a debtor in reorganization is deemed to achieve a beneficial result and will constitute a step in aid of the ultimate objective of the proceeding, the trustees should not be thwarted in the performance of that act unless the statute specifically prohibits it.

Section 77B, subd. (c)(2), of the Act, 11 U.S.C.A. § 207 (c) (2), provides: "And every such trustee, * * * shall have all the title and shall exercise, subject to the control of the judge and consistently with the provisions of this section, all the powers of a trustee appointed pursuant to section 44 of this Act [section 72 of this title], and if authorized by the judge, the same powers as those exercised by a receiver in equity to the extent consistent with this section."

[1] This language was intended to extend, not to delimit, the powers of a trustee appointed under section 77B, and there is no justification for implying a negation of the power of such trustee to perform the act here sought to be approved when the same could be done by an equity receiver, subject to court approval, and a trustee in bankruptcy under section 44 of the act (11 U.C.S.A. § 72). The law in this connection has been summarized in the following language of the United States Supreme Court in the case of Van Huffel v. Harkelrode, 284 U.S. 225, at page 227, 52 S.Ct. 115, 116, 78 A.L.R. 453: "The present Bankruptcy Act (July 1, 1898, 30 Stat. 544, c. 541 [11 U.S.C.A. § 1 et seq.]), unlike the Act of 1867, contains no provision which in terms confers upon bankruptcy courts the power to sell property of the bankrupt free from encumbrances. We think it clear that the power was granted by implication. Like power had long been exercised by federal courts sitting in equity when ordering sales by receivers or on foreclosure. First National Bank v. Shedd, 121 U.S. 74, 87, 7 S.Ct. 807, 30 L.Ed. 877; Mellen v. Moline Malleable Iron Works, 131 U.S. 352, 367, 9 S.Ct. 781, 33 L.Ed. 178. The lower federal courts have consistently held that the bankruptcy court possesses the power, stating that it must be implied from the general equity powers of the court and the duty imposed by

section 2 of the Bankruptcy Act (11 U. S.C.A. § 11) to collect, reduce to money and distribute the estates of bankrupts, and to determine controversies with relation thereto."

In view of the provision of section 77B hereinabove referred to, the language of the cited case adequately serves to justify the conclusion herein announced. As it cannot be said, considering the objective to be attained in a reorganization proceeding, that the conveyance of a debtor's real property by a trustee appointed under section 77B is in any manner inconsistent with any provision thereof, the exercise of the power to perform such an act is permitted, by implication at least, by virtue of that provision of the Act which states that a trustee appointed thereunder may exercise the same powers as those exercised by an equity receiver and a trustee in bankruptcy. Accordingly, it is held that in the absence of opposing authority or specific prohibition in the statute the powers exercised by a receiver in equity and conferred upon trustees under section 77B, subd. (c) (2) are sufficient to permit this court to grant the instant application. Cf. In re Prudence Company, Inc., Debtor (D.C.) 14 F.Supp. 249. Permission to sell the debtor's real property upon the conditions stated in the application herein is hereby granted.