Pardee, Circuit Judge.
The appellee, a large judgment creditor of the drainage fund held in trust by the city of New Orleans, filed his bill in the circuit court to close and liquidate the trust. After proceedings had thereon, a receiver was appointed, who caused an inventory of the property and assets of the fund to be made, and filed in the record. The court afterwards compelled the city of New Orleans to make a regular notarial transfer of these assets to the receiver. Thereafter the receiver applied to the court as follows:
“The petition of J. W. Gurley, receiver, in the case of James W. Peake v. The City of New Orleans, No. 12,008, with respect shows: ‘ That an act of transfer and assignment,, executed in conformity to the orders of this honorable court, of dates 13th June, 1891, and December 5, 1891, and December 31, 1891, by the defendant, the city of New Orleans, of the property involved in this cause, is now on file, together with an inventory of the property transferred, made by Jos. D. Taylor, notary public; that it is necessary, in the interest of all parties, that said property be sold, and the proceeds thereof be brought into court to abide its further order; wherefore he prays for an order directing him to sell the said property at public auction, after due advertisement, for cash, and authorizing and empowering him to execute and deliver to the purchasers thereof good and sufficient titles, free from all liens, mortgages, and incumbrances, at the expense of such purchasers, if any.’ ”
And thereupon the following order was granted:
“Let the receiver sell the property contained in the said inventory, as prayed for, after advertisement in two newspapers, published in the city of New Orleans, viz., one published in the English and one in the French, for the term required by law for judicial sales of real estate at public auction, to the highest bidder for cash; and let the receiver be authorized and empowered to execute and deliver to the purchasers good and valid titles, free from all liens, mortgages, or incumbrances, if any there are.
[Signed] “Edward C. Billings, Judge.”
In accordance with the order thus obtained, the receiver advertised for sale and made sale of a large portion of the lands embraced in the inventory. After the sale.the receiver made full report, showing, among other things, what he had sold, and the prices received for the different lots. The aggregate receipts for all the lots sold were $3,380. Upon this report the court ordered that the same be filed, and noted of record; and, further, that, if no opposition to the confirmation of said report of sales be made within eight days from the filing of said report, the same be and stand confirmed, and that the receiver proceed to *76 give title to the purchasers. Thereupon the city of New Orleans filed an opposition to the report of the receiver, setting forth the grounds of objection at length. After hearing evidence the court confirmed the sale, except as to one square of ground, on which the Dublin street draining machine is located. From this decree the city appealed.
In this court the motion is made to dismiss the appeal, on the grounds:
“(1) That the judgment appealed from is not a final judgment under section 6 of the laws of congress establishing the circuit courts of appeal, approved March 3, 1891. That no appeal lies to this court, except from a final judgment. (2) That the city of New Orleans shows no interest to appeal, inasmuch as she divested herself of all interest in the property sold by the act of transfer executed by her before J. D. Taylor, notary public, on the 11th of February, 1892.”
This motion to dismiss is not well taken. The decree appealed from finally disposes of the possession and ownership of property. Forgay v. Conrad, 6 How. 201; Ex parte Norton, 108 U. S. 237, 2 Sup. Ct. Rep. 490. The record shows that the city of New Orleans is not only the main defendant in the suit below, but that she claims to be a creditor of the drainage fund to a large amount, and entitled to be paid by preference over other creditors; thus showing a direct interest in the funds to be obtained by the sale of the property in question.
The following is the assignment of errors:
“(1) That, there being a variance between the order of sale and the advertisement herein, in this: that the order of sale directed the delivery to the purchasers of good and valid titles, free from all liens, mortgages, or incumbrances, whereas the advertisement reads, ‘ free of all liens, mortgages, incumbrances, and taxes,’—the court erred in holding, as it did, that the said variance could be cured by the assumption by the purchasers of such taxes as might be due. (2) That the court erred in holding, as it did, that the advertisement under which the receiver proceeded to sell was legal, adequate, and sufficient to furnish the basis of acts translative of property; and that'the court erred especially in confirming, as it did, sales of property which, according to said advertisement, include the public streets of the city of New Orleans, said streets being inalienable. (3) That the court erred in not holding as unlawful the including of many pieces of property under a single head, as forming one block, and in not holding to be unlawful the offering for sale and adjudication herein of the aggregated pieces of property in block. (4) That the court erred in overruling the objections made by the city of New Orleans to the receiver’s report, and to the confirmation of the alleged sales, in said report mentioned, and that, according to the evidence and the law applicable thereto, there should have been a decree in favor of opponent, the city of New Orleans, maintaining its opposition in all and singular the parts thereof, with costs. ”
1. The variance suggested between the order of sale and the advertisement as made does not prejudice the appellant. Besides, it appears to be the duty of the receiver, under the state law, (Rev. St. La. § 3147,) to either sell property free from taxes, or to see that the taxes are paid before passing title. Selling the property free from taxes tended to enhance the selling price. As the purchaser seems to be satisfied, there is no ground for contest.
*77 2. The examination of the record shows that the receiver advertised and sold the property in lots according to the inventory which he had filed in court, and according to the act of transfer of the city of New Orleans to the receiver. In addition to this, it appears that the receiver was authorized by the court to employ, and did employ, a surveyor, who made a large plan, which .was exhibited at the sale. The purchasers were thus fully charged with notice with regard to the public streets which intersected and subdivided' some of the tracts of land sold; and, as said above, the purchasers, with full notice, seem to be satisfied. The contention that by the sale of the property under the advertisement the court either ordered or approved the sale of the public streets is not tenable.
3. As stated above, the sale of the property was made in the same lot or blocks as it was acquired by the city of New Orleans, the trustee of the drainage fund, and as transferred by the city to the receiver. The record shows that to have it surveyed and subdivided in smaller lots would be very expensive, and without substantial pecuniary result.
4. This is a general assignment that the court erred, the particular grounds being covered by the first three assignments. The opposition of the city of New Orleans to the confirmation of the sales made by the receiver is not accompanied with any averment that the property has been sold at an inferior price, or that a resale would furnish an advanced price, while the weight of the evidence is to the effect that the property brought fair prices, considering its character and location, and that a re-advertisement and sale would cost more than any possible increase of price that could be obtained. We conclude that there is no error in the decree appealed from prejudicial to the appellant, and the same is affirmed.