### In re THEIBERG.

(District Court, D. New Jersey. April, 1921.)

Bankruptcy ☜262(3)—Sale of chattels free of mortgage liens exceeding appraised value can be ordered.

    Where chattels owned by the bankrupt subject to chattel mortgages, the validity of some of which was disputed, were of such a character as to involve heavy expense in keeping them, the referee, to preserve as much of the estate as possible, can order the sale of such chattels free of the mortgage lien, the lien to attach to the proceeds of the sale, even though the amount secured by the chattel mortgages greatly exceeds the appraised value of the chattels.

In Bankruptcy. In the matter of Morris Theiberg, trading as the La France Silk Company, bankrupt. On review of an order of the referee for the sale of property free and clear of the lien of chattel mortgages, the lien to attach to the proceeds. Order affirmed.

Furst & Furst, of Newark, N. J., for trustee.
Joseph T. Lieblich, of Paterson, N. J., opposed.

BODINE, District Judge. The referee, Frank Van Cleve, Esq., ordered the sale of certain property of the bankrupt free and clear of the lien of certain chattel mortgages, the liens to attach to the proceeds. The certificate discloses that the order was made after due hearing and for the purpose of saving the expenses incident to the preservation of the property.

The referee also expressed doubt as to the validity of some or all of the chattel mortgages, particularly one of the Hamilton Trust Company, which is not dated and was given to secure an antecedent indebtedness. Of course, the validity of the mortgages was not before the referee on the application to sell free of the mortgages, but the inference is a strong circumstance in favor of the sale.

The finding of the referee that the sale of the property of the bankrupt's property is necessary to save expense incident to its preservation seems entirely justified by the facts that the property consists of silk

looms and machinery which are obviously expensive to keep in custody. The chief argument against the referee's action was that the chattel mortgages exceed the sum of $8,000, while the appraised value of the property is but $3,415.70. This circumstance was not enough to strip the bankruptcy court of its power to order the sale of property in its custody.

The jurisdiction of the court to order the sale of property, free of incumbrances, has its origin in the power to conserve the property of the bankrupt and the value of an equity of redemption must always be a matter of more or less, as more or less is obtained for the property. The size of the equity of redemption is always a chance, where the court orders the immediate sale of property because of the advantage to the bankrupt estate. The liens are not affected by the sale, except in this: That they fasten upon money rather than goods. If the mortgages are invalid, the equity of the bankrupt's estate is larger; if they are valid, it is smaller or possibly nonexistent. The jurisdiction of the court does not depend upon the size of an estate or the size of a mortgage. The referee looks to see if the sale will be of benefit to the bankrupt's estate. Clearly, if the property is expensive to keep, it is of advantage to sell. Where the proceeds of sale are in court, they can be disposed of according to law. But a bankrupt, by making excessive mortgages, cannot defeat administration of his effects in bankruptcy.

The action of the referee is also challenged because some one or more of the chattel mortgages were not before him. Nothing is before me from which I can go back of the certificate of notice and appearance.

The order of the referee is affirmed.