### In re TRI-STATE THEATRES CORPORATION.

#### Petition of SCHONDELMEYER.

(District Court, W. D. Pennsylvania. October, 1923.)

Bankruptcy ⊂⊃267—Rent, taxes, and insurance premiums held entitled to priority over mortgage of leasehold.

A mortgage of a leasehold is subject to the lease, and, where lease stipulated for payments of rent, taxes, and insurance premiums, such items had priority over the mortgage debt, on bankruptcy trustee's sale of the leasehold free of liens.

In Bankruptcy. In the matter of Tri-State Theatres Corporation, bankrupt. On petition by G. J. Schondelmeyer to review findings of the referee. Exceptions dismissed, and findings of referee confirmed.

O. P. Robertson, of Pittsburgh, Pa., for bankrupt.
Geo. L. Schuyler, of Pittsburgh, Pa., for creditor.

SCHOONMAKER, District Judge. This matter comes before the court on petition of a mortgage creditor, G. J. Schondelmeyer, to review the findings of the referee: (1) In the matter of an operating expense allowed by the referee in way of a salary to John C. Graham, Jr., son of the receiver, for services performed in operating bankrupt's theaters; and (2) in awarding the payment out of sale proceeds of bankrupt's leasehold property of certain taxes, insurance, and rent as prior claims to that of the leasehold mortgage. Ten assignments of error were filed by the mortgage creditor, but only those involving the two questions above stated were pressed upon the argument before the court.

First, in the matter of the salary allowance to John C. Graham, Jr., of $2,790, we have carefully reviewed the findings of the referee, and are of the opinion that no error was committed in this award complained

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of. It is apparent to the court that this was a reasonable payment for the service rendered, and we therefore confirm this award and dismiss the exceptions thereto.

Second, as to the exceptions which go to disposition of the proceeds of the sale of the leasehold property which was bound by the lien of exceptant's mortgage, we find that this property sold for $26,000, free and discharged of liens. The mortgagee received out of this sum $18,615.12, when, as a matter of fact, his mortgage, as liquidated by judgment in the court of common pleas of Butler county on January 23, 1922, was for $22,180.41, on which he is also claiming interest and costs. The mortgagee assigns as error the allowances of the following amounts out of the sale of the mortgaged property, ahead of the mortgage; i. e., $2,937.50 rent, all taxes due the United States, and all insurance premiums on mortgaged property.

The mortgage in question is a leasehold mortgage upon the leasehold property of the bankrupt, created by lease which stipulated, among other things, for the payment of rent, taxes, and insurance premiums. The referee awarded payment of the several amounts due for these charges, as paramount claims upon the fund realized by sale of the leasehold property to that of the leasehold mortgage of Schondelmeyer. In so doing, we are of the opinion that he committed no error. So far as these particular charges are concerned, the mortgagee's rights were subject to those of the lessor, and his mortgage was subject to the provisions of the lease with reference to the payment of rent, taxes, and insurance premiums.

We therefore dismiss the exceptions filed and confirm the findings of the referee. Decree may be drawn accordingly.