## VAN HUFFEL *v.* HARKELRODE, TREASURER.

Nos. 54 and 55. Argued October 28, 1931. Decided December 7, 1931.

*Messrs. H. H. Hoppe* and *Alonzo M. Snyder* for peti-tioner.

*Messrs. Gilbert Bettman,* Attorney General of Ohio, and *G. H. Birrell,* Prosecuting Attorney of Trumbull County, with whom *Mr. George W. Secrest,* Assistant Prosecuting Attorney, was on the brief, for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

Van Huffel brought this suit in the Court of Common Pleas of Trumbull County, Ohio, to quiet his title to two parcels of real estate acquired from the purchaser at a sale made by the bankruptcy court for that district. The defendant, the county treasurer, asserts a lien for unpaid state taxes which had accrued prior to the bankruptcy. The sale was made pursuant to an order of the bankruptcy court which directed that all liens be marshalled; that the property be sold free of all encumbrances; and that the rights of all lien holders be transferred to the proceeds of the sale. The trial court entered a decree quieting the title. Its judgment was reversed by the Court of Appeals of the county. The Supreme Court of the State declined to review the case. 177 N. E. 587. This Court granted certiorari. 283 U. S. 817.

Section 5671 of the Ohio General Code provides: " The lien of the state for taxes levied for all purposes, in each year, shall attach to all real property subject to such taxes

on the day preceding the second Monday of April, annually, and continue until such taxes, with any penalties accruing thereon, are paid." The bankruptcy court, having held two mortgages executed by the bankrupt to be prior in lien to the taxes, applied all of the proceeds of the sale toward the satisfaction of one of them; and left the state taxes unpaid. The treasurer did not by any proceeding in that court question the propriety of such action. Van Huffel admits that the decision of the bankruptcy court was erroneous in denying priority to the taxes, but insists that it is *res judicata*. The treasurer contends that the judgment of the bankruptcy court authorizing and confirming the sale free from the tax lien is a nullity, because the court was without power to sell property of the bankrupt free from the existing lien for taxes; and also because it did not acquire jurisdiction over the State in that proceeding.

*First.* The present Bankruptcy Act (July 1, 1898, 30 Stat. 544, c. 541), unlike the Act of 1867,[1] contains no provision which in terms confers upon bankruptcy courts the power to sell property of the bankrupt free from encumbrances. We think it clear that the power was granted by implication. Like power had long been exercised by federal courts sitting in equity when ordering sales by receivers or on foreclosure.[2] *First National Bank* v. *Shedd,* 121 U. S. 74, 87; *Mellen* v. *Moline Malleable Iron Works,* 131 U. S. 352, 367. The lower federal courts have consistently held that the bankruptcy court possesses the

[1] Act of March 2, 1867, 14 Stat. 517, c. 176, §§ 1, 20; *Ray* v. *Norseworthy,* 23 Wall. 128, 134. See as to Act of August 19, 1841, 5 Stat. 440, c. 9, *Houston* v. *City Bank of New Orleans,* 6 How. 486, 504.

[2] Compare *City of New Orleans* v. *Peake,* 52 Fed. 74, 76; *Mercantile Trust Co.* v. *Tennessee Cent. R. Co.,* 294 Fed. 483, 485–6; *Murray Rubber Co.* v. *Wood,* 11 F. (2d) 528; *Broadway Trust Co.* v. *Dill,* 17 F. (2d) 486; *Seaboard Nat. Bank* v. *Rogers Milk Products Co.,* 21 F. (2d) 414, 416.

power, stating that it must be implied from the general equity powers of the court and the duty imposed by § 2 of the Bankruptcy Act to collect, reduce to money and distribute the estates of bankrupts, and to determine controversies with relation thereto.[3]

No good reason is suggested why liens for state taxes should be deemed to have been excluded from the scope of this general power to sell free from encumbrances. Section 64 of the Bankruptcy Act grants to the court express authority to determine " the amount or legality" of any tax. To transfer the lien from the property to the proceeds of its sale is the exercise of a lesser power; and legislation conferring it is obviously constitutional. Realization upon the lien created by the state law must yield to the requirements of bankruptcy administration. Compare *International Shoe Co.* v. *Pinkus,* 278 U. S. 261; *Isaacs* v. *Hobbs Tie & Timber Co.,* 282 U. S. 734; *Straton* v. *New,* 283 U. S. 318. In many of the cases in the lower federal courts the order of sale entered was broad enough to authorize a sale free from tax liens as well as from others;[4] and in some of them it appears affirmatively that liens for taxes were treated as discharged by the order.[5]

---

[3] See, *e. g., In re Pittelkow,* 92 Fed. 901, 902; *Southern Loan & Trust Co.* v. *Benbow,* 96 Fed. 514, 527, rev'd on other grounds, 99 Fed. 707; *In re Union Trust Co.,* 122 Fed. 937, 940; *In re Keet,* 128 Fed. 651; *In re Harralson,* 179 Fed. 490, 492; *In re E. A. Kinsey Co.,* 184 Fed. 694, 696; *In re Roger Brown & Co.,* 196 Fed. 758, 761; *In re Hasie,* 206 Fed. 789, 792; *In re Codori,* 207 Fed. 784; *In re Franklin Brewing Co.,* 249 Fed. 333, 335; *Gantt* v. *Jones,* 272 Fed. 117, 118; *In re Theiberg,* 280 Fed. 408, 409; *In re Gimbel,* 294 Fed. 883, 885; *In re King,* 46 F. (2d) 112, 113.

[4] Compare *In re New York & Philadelphia Package Co.,* 225 Fed. 219, 222; *In re Gerry,* 112 Fed. 958, 959.

[5] *In re National Grain Corp.,* 9 F. (2d) 802, 803; *Delahunt* v. *Oklahoma County,* 226 Fed. 31, 32; *In re New York & Philadelphia Package Co.,* 225 Fed. 219, 222; *In re Reading Hat Mfg. Co.,* 224 Fed. 786, 789, 790; *In re Torchia,* 185 Fed. 576, 578, 584; *In re Kohl-*

No case has been found in which the power to sell free from the lien of state taxes was denied.

*Second.* The treasurer contends that the order authorizing a sale free from encumbrances was void as against the State for lack of notice and opportunity to be heard. He asserts that he had no knowledge of the ruling of the court determining the priority of the liens; that neither he nor his counsel, the prosecuting attorney, was present at any of the proceedings; and that the notice of the public sale, mailed to him after the order of sale had been made by the referee, did not state that the property was to be sold " free and clear of encumbrances." But it appears that prior to any action by the court, notice of the filing of the application to sell free and clear of encumbrances was mailed to the treasurer; and that thereafter he mailed to the referee a statement of the taxes due. It is urged that such notice was insufficient; and also that a proceeding to determine the priority of liens is plenary, whereas the order now complained of was entered in a summary proceeding. Compare *Ray* v. *Norseworthy,* 23 Wall. 128. We have no occasion to pursue the argument. So far as appears, neither of these objections was made by the treasurer below, nor were they discussed by any of the state courts. They cannot, therefore, be urged here. Compare *Peck* v. *Heurich,* 167 U. S. 624, 628, 629; *Virginian Ry. Co.* v. *Mullens,* 271 U. S. 220, 227, 228; *New York* v. *Kleinert,* 268 U. S. 646, 650.

*Hepp Brick Co.,* 176 Fed. 340, 342; *In re Prince & Walter,* 131 Fed. 546, 549; Matter of Hilberg, 6 A. B. R. 714, 717. Compare *Dayton* v. *Stanard,* 241 U. S. 588, 589, aff'g 220 Fed. 441; *In re Florence Commercial Co.,* 19 F. (2d) 468, 469; *In re Stamps,* 300 Fed. 162, 163; *In re Tri-State Theatres Corp.,* 296 Fed. 246; *C. B. Norton Jewelry Co.* v. *Hinds,* 245 Fed. 341, 343; *In re Haywood Wagon Co.,* 219 Fed. 655, 657; *In re Crowell,* 199 Fed. 659, 661; *In re Vulcan Foundry & Machine Co.,* 180 Fed. 671, 675; *In re Keller,* 109 Fed. 131, 134. See also *Little* v. *Wells,* 29 F. (2d) 1003; *Heyman* v. *United States,* 285 Fed. 685, 688.

*Third.* There remains for consideration a question of practice. After the adverse judgment in the Court of Appeals, Van Huffel filed in the Supreme Court of Ohio a petition in error as of right, claiming that a constitutional question was involved; and he filed there also a motion requesting that the Court of Appeals be directed to certify its record for review. The Supreme Court dismissed the petition in error on the ground that no debatable constitutional question was involved; and it overruled the motion to certify the record for review. An application for rehearing was denied, as to both. Van Huffel filed two petitions for certiorari, one (No. 54) directed to the Court of Appeals, the other (No. 55) directed to the Supreme Court. He states that he did this because he was uncertain to which of the state courts the certiorari from this Court should be directed.

The question which we have discussed is a federal constitutional question. The Constitution of Ohio, Article IV, § 2, confers upon the Supreme Court of the State "appellate jurisdiction in all cases involving questions arising under the constitution of the United States or of this state." The order of the Supreme Court dismissing the petition in error as of right, on the ground that no debatable constitutional question was involved, was not, in law, a dismissal of the petition for want of jurisdiction. It was a decision of the case on the merits. *Hetrick* v. *Village of Lindsey,* 265 U. S. 384, 386; *Matthews* v. *Huwe,* 269 U. S. 262, 265. Under the federal practice a writ of certiorari would, therefore, have to be directed to that court if it had possession of the record to be reviewed. *Atherton* v. *Fowler,* 91 U. S. 143, 146. The petition in error as of right was necessarily accompanied by a transcript of the final record in the Court of Appeals. Ohio General Code, § 12,263. It is suggested in the brief for the treasurer, however, that such record went out of the possession of the Supreme Court after it dismissed

the petition in error and denied the motion for certiorari; and in support of this allegation we are referred to Rule IX of the Supreme Court, 122 O. S. lxxii, which provides for the return of the record to the lower court "after the decision of a cause . . . in which a final record is not required to be made in" the Supreme Court. But we have obtained the record from the court whose decision we are to review, and so have no occasion to resort to any other court in order to get it. *Atherton* v. *Fowler, supra.* Our Rule 43 provides that the certified transcript of the record on file here shall be treated as though sent up in response to a formal writ. The case at bar should, therefore, properly be considered on the writ (in No. 55) issued to the Supreme Court of Ohio; and the writ (in No. 54) issued to the Court of Appeals should be discharged.

*In No. 55, Judgment reversed.*

*In No. 54, Writ of Certiorari discharged.*