## DALLAS JOINT STOCK LAND BANK v. DAVIS.*

### No. 7966.

Circuit Court of Appeals, Fifth Circuit.

May 5,.1936.

Chas. S. McCombs, C. C. Renfro, and James A. Kilgore, all of Dallas, Tex., for appellant.

John Davis, of Dallas, Tex., for appellee.

Before SIBLEY, HUTCHESON, and WALKER,[1] Circuit Judges.

HUTCHESON, Circuit Judge.

Appellees are farmer debtors, who, when their homestead was about to be sold under a state foreclosure decree, applied in their pending bankruptcy proceedings for relief under subdivision (s) of section 75 of the Bankruptcy Act, as amended August 28, 1935, 11 U.S.C.A. § 203 (s). Appellant is the holder of the mortgage. Insisting that the amendment has not cured the defects in the statute pointed out in the Radford Case (Louisville Joint Stock Land Bank v. Radford), 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106, appellant moved for a dismissal of the application on the ground that the act, in undertaking in effect to provide for a transfer of foreclosure proceedings to the bank-

[1] Judge Walker heard the argument, but died before the case was decided.
*Rehearing denied June 5, 1936.

ruptcy court and a stay of them there, deprives movant of substantial rights in its security, in violation of the Fifth Amendment.

The District Judge thought the act as amended did not take, but safeguarded, appellant's substantial rights as a secured creditor. He found, on sufficient evidence, that at that stage of the proceedings there was no such showing of inability to finance the debt with the assets involved as would justify the court in refusing to take jurisdiction. He ordered the case referred to a special conciliation commissioner for statutory proceedings. It was at this juncture and from this order that this appeal was taken.

The record before us stops at this point. We do not know, there is no showing, whether appellees could or did comply with the provisions of the act to obtain, there is no order granting, the statutory stay. The only order here for review is the one refusing to dismiss the application, and referring it for statutory proceedings. On the record we have, the only effect of this order on appellant at this time is to prevent the collection of its debt through the state court proceedings, by requiring its collection through the bankruptcy court. Though the attack is predicated upon the claim that the necessary effect of the order under the act will be to deprive appellant of substantial property rights, no evidence is offered to show this. The appeal is here on the broad claim that on its face, and as a necessary result of its operation, the invoked section takes away substantial rights of appellant in its security, and within the Radford Case is unconstitutional and void.

This claim raises a preliminary question of prime importance whether, at this stage of the proceedings, when nothing has been done but to take jurisdiction, appellant's constitutional attack is premature. It is urged that an inquiry will not be conducted into a complainant's constitutional rights until there has been a substantial invasion of them, and that nothing of that kind has occurred here. It is insisted that while the act as amended does direct the granting of a stay of collection for a maximum period of three years, this stay is not granted as of right absolutely and at all events, but only upon conditions, the prime one of which is the exercise of judicial discretion whether the stay may be grant-

ed with a due regard for the substantial rights of creditors in their securities.

█ It may not be doubted that if the necessary result of the act is to take away appellant's substantial rights in its security, it need not wait until all the forms prescribed for that taking away have been gone through with, but may sue at once to save itself. Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070, 39 A.L.R. 468; Village of Euclid v. Ambler, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016; Terrace v. Thompson, 263 U.S. 197, 44 S.Ct. 15, 68 L.Ed. 255. It is equally without doubt, however, that the action is premature, and that no constitutional question is presented for decision if the pinch of the act will be felt by appellant not as a necessary, but only as a possible, result of its application. For it is a settled rule in the federal courts that questions of constitutional law will not be anticipated, but will be decided only where a present necessity for such decision exists, and then only no more broadly than the precise situation in question requires. Liverpool, N. Y. & P. S. S. Co. v. Commissioners, 113 U.S. 33, 5 S.Ct. 352, 28 L.Ed. 899; Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078; Chicago & Grand Trunk R. Co. v. Wellman, 143 U.S. 339, 12 S.Ct. 400, 36 L.Ed. 176.

█ In approving the amendment, the judiciary committees of both House and Senate agreed that its object and purpose was the clarification of section 75 and the addition of a new subsection (s) in place of the subsection (s) held unconstitutional. Both committees in recommending the bill for passage declared that the new subsection had been written so as to conform to the decision of the Supreme Court and that they felt that it did conform. We think it not a strained construction to hold that it does.

On its face the act merely transfers the liquidation of the indebtedness from state courts to the court of bankruptcy. It remits to the judicial discretion of that court the administration of the property of a bankrupt, with the end in view to bring about, if a due regard for the property rights and interests of his creditors permits it, a gradual and therefore more just and equitable liquidation, in lieu of an unduly hasty and forced one. Subsection (s) of the act as amended does indeed authorize a stay of collection for a maximum pe-

riod of three years, during which time the debtor may remain in possession, but the stay so granted is not an absolute one. It is one granted and continued in the judicial discretion of the court if, and only if, this may be done without deprivation of or injury to, and upon conditions looking to the preservation of, the creditor's security. Under its provisions the court must fix, and require the debtor to pay, a reasonable rental on the property, to be applied upon the debt. Under its provisions, the court may, and if in the exercise of a sound discretion the protection and preservation of the security demand it, must require additional payments on the principal sum due and owing. Under its provisions, the court may, upon a finding that the preservation of the security requires it, revoke the stay order and direct the sale of the property.

■■ These provisions of the act make it clear, we think, that the act grants no absolute stay, permits no arbitrary or unjust interference with creditors. It merely remits all questions regarding the collection of the debt to an informed judicial discretion, a discretion which, keeping the preservation of the security paramount, may yet, if circumstances permit, afford a means of relief to the debtor. They make it clear that the controlling, the dominant purpose and effect of the act as amended is not to deprive creditors of their security to give it to debtors, but to remit to judicial discretion in each case, whether the facts justify giving the debtor an equitable opportunity in an orderly way, to liquidate his indebtedness, provided always that the essential security of the creditor is not impaired, but preserved. A law on the subject of bankruptcy having this purpose and effect is not, in our judgment, violative of the Fifth Amendment. The authority of Congress to make uniform laws on the subject of bankruptcy is a broad one. It extends to and authorizes not merely ordinary bankruptcy laws, as they were understood and in existence at the time of the adoption of the Constitution, but insolvency laws in general. It

extends to and authorizes all just laws, having for their object the liquidation of indebtedness. It lawfully embraces in its scope and purpose not only the just protection of the creditor, but the relief of the debtor. Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106; In re Landquist (C.C.A.) 70 F.(2d) 929; In re Chicago, R. I. & Pac. R. Co. (C.C.A.) 72 F. (2d) 443; Local Loan Co. v. Hunt, 292 U. S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A. L.R. 195; Continental Bank v. Chicago, R. I. & P. R. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110; Van Huffel v. Harkelrode, 284 U.S. 225, 52 S.Ct. 115, 76 L.Ed. 256, 78 A.L.R. 453; Hanover National Bank v. Moyses, 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed. 1113. Under its bankruptcy powers Congress lawfully provides for the complete abrogation of the personal obligation of debts, the discharge of the debtor. Under these powers Congress lawfully provides for the making of compositions; under them it lawfully marshals the properties of debtors and provides for their equitable distribution among the secured creditors, to the extent even of authorizing a complete rearrangement and rewriting of the obligations. Authorities, supra. Under these powers it may, we think, make just provision for the exercise of judicial discretion in granting reasonable stays of liquidations in bankruptcy.

We think the act on its face is within the bankruptcy powers of Congress; that nothing in the record we have shows that the necessary result of its application to appellant will deprive it of its property; that appellant is at this stage of the proceeding in no position to raise a constitutional question; and that the order appealed from should be affirmed. The affirmance, however, is without prejudice to the right of appellant to apply at any further stage of the proceeding, for relief from actions or orders which it is advised have the effect of depriving it of any substantial rights.

Affirmed.