## SCHAUER v. PRODUCERS WOOL & MOHAIR CO. et al.

### No. 8019.

Circuit Court of Appeals, Fifth Circuit.

Dec. 1, 1936.

Raymond Gerhardt, of San Antonio, Tex., for appellant.

Grady Lowrey, of Del Rio, Tex., for appellees.

Before HUTCHESON and HOLMES, Circuit Judges, and STRUM, District Judge.

HUTCHESON, Circuit Judge.

Schauer, when his ranch property was about to be sold under State foreclosure proceedings brought by appellees, applied as a farmer for relief under and in strict accordance with section 75 (s) of the Bankruptcy Act as amended, 11 U.S.C.A. § 203 (s). Appellees, appearing, moved to dismiss his petition on the ground that he was not a farmer, and on the further ground that the act, whose protection he invokes, is unconstitutional.

On October 28, 1935, the court heard the motion, and found the debtor to be a farmer, but sustained appellees' motion to dismiss his petition, and dismissed it as it affected them and their foreclosure. Schauer appeals, insisting that the statute on its face is constitutional and effective to stay State foreclosure proceedings, and that his petition for relief was wrongly dismissed.

He urges upon us that the statute being valid on its face, and nothing having been done except to invoke the jurisdiction of the court of bankruptcy, appellees were not in a position to raise a constitutional question, and their attack by motion to dismiss was premature; that it will be time enough for them to complain if and when the statute is unconstitutionally construed or applied against them, and they are then denied due process.

In May, 1936, we so held in Dallas Joint Stock Land Co. v. Davis, 83 F.(2d) 322, a case appealed by mortgage creditors involving the same question. We thought then, we think now, that the motion to dismiss at that stage of the proceedings presented no substantial constitutional question. We thought then, we think now, that under the invoked section the District Judge has a discretion to administer it so as not to deprive creditors of their property without due process, and that until he undertakes to administer it otherwise, no case for relief can arise. We thought then, we think now, that the orderly course under this section is for the court to proceed with the administration, and for creditors, if and when they feel the pinch of the act as a result of particular actions or orders, which they are advised have the effect of depriving them of due process, to then apply for relief from them.

This is but to restate the general rule that constitutional questions will not be anticipated, but will be decided only where a present necessity for such decision exists, and then no more broadly than the precise situation in question requires. Tennessee Pub. Co. v. American National Bank (U. S.) 57 S.Ct. 85, 81 L.Ed. ——.

The order appealed from is reversed.