**HAIR v. BYARS.**

**In re SUMMERVILLE COTTON MILLS.**

**No. 8576.**

Circuit Court of Appeals, Fifth Circuit.

Oct. 29, 1937.

James Maddox, of Rome, Ga., for appellant.

Walter B. Shaw, of La Fayette, Ga., and John A. Chambliss, of Chattanooga, Tenn., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

In this case there is no dispute as to the material facts, which are as follows. Summerville Cotton Mills, a Georgia corporation, owned and operated a .textile plant, an ice plant, a gin, a cotton oil mill, and a waterworks system in the town of Summerville, Ga. In October, 1925, the board of directors of the company and its stockholders adopted resolutions by unanimous vote authorizing the issuance of bonds in the aggregate sum of $400,000, to be secured by a deed of trust covering all the said property. In June, 1935, default having occurred on the bond issue, the company conveyed all the property covered by the trust deed to the Summerville Holding Company, a Tennessee corporation, subject to the lien of the trust deed, and the holding company immediately entered into possession of the property. Summerville Cotton Mills was adjudicated bankrupt, in involuntary proceedings filed June 6, 1936, and Grover C. Byars, appellee, was appointed trustee. He did not attempt to take possession of the property covered by the trust deed but afterwards concluded that certain equipment, consisting of mill machinery, gin machinery, a sprinkler system, electrification equipment in the gin, oil mill, and ice plant, and an extension of the waterworks system, was not covered by the trust deed as after-acquired property. He instituted a suit in a state court of Georgia, which was removed to the federal court, in which a receiver was appointed for the purpose of liquidating the bonds. The First National Bank of Chattanooga was named as trustee in the trust deed. The bank became insolvent and was taken over by the Comptroller. Charles S. Coffey was appointed receiver for the bank to wind up its affairs. The bondholders elected Paul S. Mathes as successor trustee under the trust deed. Later Byars, trustee in bankruptcy, entered into negotiations with the interested parties, claiming under the deed of trust, for a compromise of the litigation in which the receiver was appointed and for the sale of the property in bankruptcy, free of liens.

Byars filed a petition with the referee for approval of the compromise, which provided for the sale of the property originally covered by the trust deed and the after-acquired property, agreed on the fees of himself and the referee in bankruptcy,

which were fixed at $1,250 each, payment to the receiver of the National Bank for fees owed to the bank as trustee under the trust deed, fees for the receiver and his counsel in the amount of $500 each, fixing an upset price of $125,000 for the property, and permitting bondholders, if successful bidders, to deposit their bonds in lieu of cash, but to pay in cash the amount necessary to pay the various fees and expenses agreed upon.

On filing the petition with the referee he issued an order for a creditors' meeting and a rule to show cause to Mathes and Coffey, respectively successor trustee and receiver of the bank, upon which they accepted service. At the meeting of creditors a majority in number and amount were represented and approved the compromise. Only appellant, who is an unsecured creditor in the amount of $30.99, objected. The referee entered his order approving the compromise as set out in the petition. On petition to review his ruling it was affirmed by the District Court. This appeal followed.

There are twelve assignments of error, which may be considered together. The principal contentions of appellant are that neither the charter nor the by-laws of the bankrupt permitted the board of directors to execute a trust deed although it is admitted they could have executed a valid mortgage; that although insolvent the First National Bank is still competent to act as trustee under the trust deed, has not been made a party, and its receiver is not authorized to represent it in that capacity; that it is not within the power of a court of bankruptcy to order property sold free of liens; that if the trust deed were declared invalid, the bondholders could not prove their claims as ordinary creditors, more than six months having elapsed since the adjudication (11 U.S.C.A. § 93(n), and therefore the dividend going to unsecured creditors would be increased. It is further contended that there was an abuse of discretion on the part of the referee and the District Court in approving the proposed compromise.

We appreciate from the argument that the appeal has a deeper significance than merely increasing the dividend on a $30 claim, but we are not at liberty to decide the questions presented on sentimental grounds. Section 27 of the Bankruptcy Act (11 U.S.C.A. § 50) authorizes a trustee to compromise claims with the approval of the court. Conceding arguendo that the trust deed may be open to technical objections, that is immaterial. We entertain no doubt that, with the unanimous approval of the stockholders, when the deed of trust was executed the bondholders became vested with a valid lien on the property covered, which they were entitled to enforce in the bankruptcy proceedings. Clauses in the trust deed provide for the appointment of a successor trustee by the bondholders in certain contingencies, unnecessary to enumerate. The appointment of Mathes as successor trustee was valid and the bank was not a necessary party except for its own interest, for which its receiver was competent to represent it. Courts of bankruptcy have authority to sell property of the bankrupt free of liens, referring them to the proceeds. Van Huffel v. Harkelrode, 284 U.S. 225, 52 S.Ct. 115, 76 L.Ed. 256, 78 A.L.R. 453. Creditors holding voidable preferences may be allowed to prove their claims as unsecured creditors, if deprived of the preference, notwithstanding the limitation of the statute may have run. Keppel v. Tiffin Savings Bank, 197 U.S. 356, 25 S.Ct. 443, 49 L.Ed. 790; Page v. Rogers, 211 U.S. 575, 29 S.Ct. 159, 53 L.Ed. 332. No objection is urged to the amount of fees and expenses provided for in the compromise agreement.

The objection to the approval of the compromise on the ground of abuse of discretion is based upon the argument that selling the property free of liens would cloud the title and prevent free bidding. The outstanding bonds with accrued interest amount to over $428,000. The presumption may be indulged that, had the bankrupt been able to adjust its affairs in a more favorable manner, neither the transfer to the holding company nor the adjudication in bankruptcy would have occurred. It is not shown that there is any probability of the property bringing enough to pay the bonds in full in any circumstances.

We agree with the conclusion reached by the District Court. The order appealed from is affirmed.