## In re CORSON FURNITURE CO., Inc.

District Court, S. D. New York.
April 27, 1942.

728

John J. Bennett, Jr., Atty. Gen. (Francis T. Nolan, Asst. Atty. Gen., of counsel), for the State of New York.

Oscar W. Ehrhorn, of New York City, Referee in Bankruptcy.

Murray R. Paris, of New York City, for trustee.

CLANCY, District Judge.

This is a petition by the Trustee in Bankruptcy to review an order of the referee allowing priority to a debt due the State of New York from the bankrupt. Both parties agree that the claim's priority depends solely upon § 64 sub. a(5) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(5). It is the State's contention that the Constitution's delegation of power to Congress to enact bankruptcy laws did not include "the power to take away the common law right of the several states to priority in the payment of its debts." Further, "the State of New York adopted the common law of England and the prerogatives of the King under the common law attached to the State.", citing Matter of Carnegie Trust Co., 206 N.Y. 390, 99 N.E. 1096, 46 L.R.A.,N.S., 260. "By the law of New York, the state as sovereign, has succeeded to the crown's prerogative right of priority as to all debts due to the state. Marshall v. [People of State of] New York, 254 U.S. 380, 383, 41 S.Ct. 143, 65 L. Ed. 315." In re Alamac Operating Corp., 2 Cir., 42 F.2d 120, 123. Petitioner contends that § 64 sub. a(5) of the Bankruptcy Act, granting priority solely to persons, including the United States, who, by the Laws of the United States, are entitled to priority, excludes the priority accorded by New York Law for the claim here.

We agree with the petitioner. Cf. Collier on Bankruptcy, 14th Ed., Vol. III, § 64.502. It was held, in the concurring opinion of Chief Justice Taft, in the case of United States Shipping Board Emergency Fleet Corp. v. Wood, 258 U.S. 549, 42 S.Ct. 386, 66 L.Ed. 762, affirming In re Eastern Shore, etc., Corp., 2 Cir., 274 F. 893, that the United States has priority in bankruptcy only for taxes and not for mere debts and to change this rule the amendment of 1926 to Bankruptcy Act 64, sub. b(7), 11 U.S.C.A. § 104, sub. b(7) explicitly declared that the United States shall be a "person" for the purposes of that section. We think this indicates that Congress, in enacting bankruptcy laws, exercised supreme power even over the priorities of a sovereign. The power to enact national bankruptcy laws is vested in Congress by Article 1, § 8, Clause 4, of the Federal Constitution. This grant of power to Congress was correctly characterized by Judge Parker in the case of Campbell v. Alleghany Corp., 4 Cir., 75 F.2d 947, 952 certiorari denied 296 U.S. 581, 56 S.Ct. 92, 80 L.Ed. 411, as "plenary" and "not limited by what has been attempted in the past" and he held that "all phases of the relationship between a debtor financially embarrassed and his creditors are brought under the control of Congress by the constitutional grant of power; * * *." Cf. also Hanover Nat'l Bank v. Moyses, 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed. 1113. Again, in Re Landquist, 7 Cir., 70 F.2d 929, 933, certiorari denied Hardenbrook v. Landquist, 293 U.S. 594, 55 S.Ct. 98, 79 L.Ed. 680, it was held that: "The power of Congress to legislate on the subject of bankruptcies is plenary and may be exercised with respect to all classes of creditors, * * *." In United States Fidelity & Guaranty Co. v. Bray, 225 U.S. 205, 217, 32 S.Ct. 620, 625, 56 L.Ed. 1055, the court said: "We think it is a necessary conclusion * * * that the jurisdiction of the bankruptcy courts in all 'proceedings in bankruptcy' * * * include * * * all matters of administration, * * * the determination of the preferences and priorities * * *." In Van Huffel v. Harkelrode, 284 U.S. 225, 228, 52 S.Ct. 115, 116, 76 L.Ed. 256, 78 A.L.R. 453, it was held, in considering tax liens: "Realization upon the lien created by the state law must yield to the requirements of bankruptcy administration."

In re Alamac Operating Corp., supra, held under circumstances like those in which we find the bankrupt here that its obligation was not that of a taxpayer but of a debtor and, therefore, not entitled to priority under § 64 sub. a(4) of the Bankruptcy Act.

The order of the referee, granting priority to the State's claim, insofar as it is a debt due from Greenpoint Lumber Company, is reversed.