**In the Matter of PENN CENTRAL TRANSPORTATION COMPANY, Debtor.**

**In re CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY.**

**In re CLEVELAND & PITTSBURGH RAILROAD COMPANY, Secondary Debtors.**

**In re Disposition of Proceeds from Condemnation by the CLEVELAND–CUYAHOGA COUNTY PORT AUTHORITY OF REAL ESTATE IN CLEVELAND, OHIO.**

Nos. 70–347, 70–347–C and 70–347–D.

United States District Court,
E. D. Pennsylvania.

Sept. 26, 1974.

Eugene E. Anderson, Jr., Philadelphia, Pa., for the Trustees, PCTC.

Fred F. Hilow, Cleveland, Ohio, for Treasurer, Cuyahoga County, Ohio.

Michael L. Temin, Philadelphia, Pa., for First Pennsylvania Banking & Trust Co.

Dennis J. Perkins, for Trustees of Cleveland, Cincinnati, Chicago, & St. Louis Ry. Co. and Cleveland & Pittsburgh R.R. Co.

Richardson Blair, Philadelphia, Pa., for Irving Trust Co.

MEMORANDUM AND ORDER
NOS. 31, 37 AND 1683.

FULLAM, District Judge.

Order No. 1229 in the 70–347 proceedings permitted the Cleveland-Cuyahoga County Port Authority to institute condemnation proceedings in the Court of Common Pleas of Cuyahoga County, Ohio, for the purpose of acquiring certain real estate owned by the above-named Secondary Debtors and leased to the Debtor. At the time Order No. 1229 was entered, none of the leased line railroads had petitioned for reorganization. When the Cleveland, Cincinnati, Chicago & St. Louis Railway Company and the Cleveland & Pittsburgh Railroad Company later entered reorganization, similar orders were entered in their proceedings to grant relief from the stay of suits provisions of their Orders No. 1. See Orders No. 10 and 6 in the 70–347–C and 70–347–D proceedings, respectively.

Order No. 1229 further provided that the condemnation proceeds should be deposited by the Debtor and Secondary Debtors, Indenture Trustees, taxing authorities, and any others who might receive any part of the award, in an escrow account subject to further order of this Court. As is the customary practice in these proceedings, the escrowed proceeds were to be subject to any liens or claims that existed against the real estate at the time of its condemnation.

The "petition of the Cleveland-Cuyahoga County Port Authority for permission to condemn real estate in Cleveland, Ohio" (Document No. 5638), which led to the entry of Order No. 1229, specifically prayed for an order containing the provisions described above.[1] The treasurer of Cuyahoga County, the taxing official with jurisdiction over the real estate to be condemned, was served with a copy of the Port Authority's petition and notified of the hearing thereon, but, significantly, did not object to the relief requested.

Upon completion of the proceedings in the condemnation court, the referee of that court ordered the full amount of the unpaid taxes on the properties ($189,941) to be distributed to the treasurer and the balance of the condemna-

1. The Trustees of the Debtor also filed a petition seeking identical relief. Document No. 5639.

tion award ($2,083,142) to be deposited as provided in Order No. 1229. The condemnation court confirmed the referee's order over the exceptions of the Debtor and Secondary Debtors. The railroad parties have now petitioned this Court for an order directing the treasurer of Cuyahoga County to show cause why the entire amount of the award, including the amount of unpaid taxes, should not be deposited in escrow pursuant to Order No. 1229.

Of the arguments put forward by the treasurer to resist the railroads' petitions, only one has possible merit. It appears that unless and until all back taxes on the condemned properties are paid, the Port Authority cannot obtain tax-exempt status with respect to those properties. Under Ohio law,

> "The Board [of tax appeals] shall not consider an application for exemption of property under such sections unless the applicant has attached thereto a certificate or affidavit executed by the county treasurer certifying that taxes, assessments, and penalties levied and assessed against the property sought to be exempted have been paid in full to the date upon which the application for exemption is filed." Ohio Revised Statutes, § 5713.08.

In seeking to retain part of the condemnation proceeds on the grounds that only by so doing can the Port Authority enjoy tax exemption, the treasurer finds himself in a poor procedural posture. As already mentioned, the Port Authority itself sought the relief granted by Order No. 1229, with no provision for current payment of back taxes. Moreover, the treasurer failed to object at that time to the form of the relief sought. Finally, the Port Authority has taken no position in connection with the railroads' present petition for an order to show cause.

■ But even assuming that the treasurer has standing to assert the Port Authority's interests and that his argument is timely, that argument must be rejected. The power of a reorganization court to transfer a tax lien from real property to the proceeds of its sale, and to enjoin temporarily the realization upon that lien, is well established. *See,* VanHuffel v. Harkelrode, 284 U.S. 225, 52 S.Ct. 115, 76 L.Ed. 256 (1931). The only question here is whether the interest of the Port Authority in obtaining tax-exempt status for the condemned property justifies, in effect, granting the treasurer a preference over all other taxing authorities enjoined from the collection of taxes by Orders No. 1 and 70.

■ I have concluded that § 77's strong policy against preferential or discriminatory treatment of creditors cannot be so easily overcome. *See,* Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974). First, despite the seemingly categorical terms of the provision of Ohio law governing property tax exemptions, there are very persuasive reasons for making an exception to that provision under the present circumstances. However, the parties' briefs on Ohio law have not been helpful in deciding whether or how the Port Authority (or the treasurer, or any other party) might seek an administrative or judicial ruling on this question.

Second, this is not a case where the only way to accomplish the desired end, property tax exemption for the Port Authority, is to disrupt the orderly and non-discriminatory administration of the Debtor's estate. The Port Authority itself could pay the back taxes on the property, an amount less than 9% of the condemnation award, and thereby enjoy prospective tax-free use of the land. Since the Port Authority would be subrogated to the rights of the treasurer against the condemnation proceeds, and since the amount of the proceeds far exceeds the amount of the tax liens, this approach almost certainly would leave the Port Authority financially whole.

Accordingly, an order will be entered directing the treasurer of Cuyahoga County, Ohio, to comply with the terms of Order No. 1229 and the companion orders in the Secondary Debtor proceedings.