**In the Matter of HOOTEN ENTERPRISE, INC. d/b/a Billingsly-Duddy Appliances, Debtor.**

**Bankruptcy No. 82–02499.**

United States Bankruptcy Court,
N. D. Alabama, S. D.

June 11, 1982.

**500**

OPINION AND ORDER

STEPHEN B. COLEMAN, Bankruptcy Judge.

The Trustee, M. Charles Sterne, presented to the Clerk of the Court the following paper which has been marked "filed" by the Clerk and there being no more or further request by the Trustee, the Clerk is directed to file and enter the same, but is directed not to set a hearing or issue notice to creditors or take further action thereon.

The said "paper" is denoted "Declaration of Intent To Sell Assets" and is in the following form. See Footnote 1.[1]

Since this matter may affect procedure and possible title to property it is deemed important to review the matter of sales of property by Trustees in Bankruptcy and to delineate the function of the Court with respect to sales by the Trustee under the Code in a Pilot District under the United States Trustee System. See Footnote 2.[2]

The United States Trustee for this District, by a directive letter, has recently put the burden of giving notice of "intents to sell and abandon" on the case trustees. Although "intents to sell" are not mentioned in the Code, as far as the Court's knowledge goes, it is believed the United States Trustee System devised this procedure as a method of removing the need for an actual hearing as provided in Code Section 363 in combination with their interpretation of Code Section 102(1).

Section 363(b) provides that:

"The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. See Footnote 3.[3]

The United States Trustee in order to avoid possible restraints by the Court on sales and leases by the Trustees attempted to remove the necessity for applying to the Court by sending out "notice of intent" to creditors on his own initiative, assuming that, if no objection was filed, the Trustee was free to sell or abandon. In that way the

---

1. See attached photocopy of form.

2. 28 U.S.C. Sections 581–589. Section 408 of the Bankruptcy Reform Act of 1978, Pub.L. 95–598.

3. One could be critical of this sub-section because of the word "use" and the requirement that in every case the Trustee must apply for an order "after notice and hearing" to use property of the estate. Compare Section 363(c). His mere taking possession could be construed a "use" and the sub-section demands unnecessary Court attention and action except as required by Section 363(c).

Court was not concerned or called on to approve or disapprove, and the Trustee proceeded without let or hinderance from the Court on his own without the need of a formal hearing which the Trustee had not requested. Since the Trustee, under 28 U.S.C. 586 has authority to "administer" the estate, sales and abandonments become merely administrative where no action by the Court by application, petition or complaint is sought. See Footnote 4.[4]

The matter of when action by the Court, on notice and hearing is required, calls for a review of sales in Bankruptcy under the Act and now as provided under the Code.

A few well recognized generalizations as to bankruptcy sales may help to put this matter in proper perspective.

■ 1. A sale through proceeding in bankruptcy is a judicial sale as distinguished from an execution sale. 4B *Collier on Bankruptcy*, Page 1143, 14 Ed. See Footnote 5.[5]

The common principle, however, is that in all forms or manifestations of judicial sale, the final act of completion thereof is ordinarily deferred and reserved to the court for future deliberation and subject largely to the court's decision. But once having attained the approval of the court in an order of confirmation, the bankruptcy sale enjoys a privileged status, inasmuch as it is the declared policy of the courts wherever practicable to protect and uphold a judicial sale.[43] This policy is undoubtedly salutary and apt to strengthen the authority and prestige of the court, and increase public reliance in bankruptcy sales. 4B *Collier on Bankruptcy*, 14 Ed., Page 1147.

2. Ordinarily, under Rule 606(b)(1) BRP, sales will be subject to the approval of the Court and on 10 days notice by mail to all creditors of "any proposed sale of property" including the *time* and *place* of any public sale.

3. There is a distinction between notice to creditors of a proposed sale and notice to the general public of the actual sale itself. *Collier*, Page 1154.

■ 4. The Court's Order for sale should provide for:

(a) Public or private sale and whether auctioneers are to be employed. *Collier*, Page 1156.

(b) Sale in bulk or in parcels.

(c) For cash or credit.

(d) Free of liens, if proper hearing and notice to lienholders was had prior to order for sale. See *Treatise*, 4B *Collier on Bankruptcy*, beginning on page 1214.

---

**4.** "Paragraph (1) defines the concept of "after notice and a hearing." The concept is central to the bill and to the separation of the administrative and judicial functions of bankruptcy judges. The phrase means after such notice as is appropriate in the particular circumstances (to be prescribed by either the Rules of Bankruptcy Procedure or by the court in individual circumstances that the Rules do not cover. In many cases, the Rules will provide for combined notice of several proceedings), and such opportunity for a hearing as is appropriate in the particular circumstances. Thus, a hearing will not be necessary in every instance. If there is no objection to the proposed action, the action may go ahead without court action. This is a significant change from present law, which requires the affirmative approval of the bankruptcy judge for almost every action. The change will permit the bankruptcy judge to stay removed from the administration of the bankruptcy or reorganization case, and to become involved only when there is a dispute about a proposed action, that is, only when there is an objection. The phrase "such opportunity for a hearing as is appropriate in the particular circumstances" is designed to permit the Rules and the courts to expedite or dispense with hearings when speed is essential. The language "or similar phrase" is intended to cover the few instances in the bill where "after notice and a hearing" is interrupted by another phrase, such as "after notice to the debtor and a hearing." *Legislative History* following Section 102(1) printed in 1979 *Collier Pamphlet Edition* Bankruptcy Code.

**5.** This means the Court can cause a good and unimpeachable title to be conveyed by the Trustee and that the proceedings equate Bills to Quiet Title and in the notice of ejectment or proceedings to try title. The Court conveys the property and title companies rely on the integrity of the proceeding.

There was no expressed power by statute to sell free and clear, but the Court in the cases cited below held that such power was implied from the duty to liquidate the estate under the Act as expressed in Section 2(a)(7). This power is now codified as Section 363(f) and statutory power under prescribed procedures exists under the Code.

Every practitioner in Bankruptcy could well read and study the following lists of cases for a proper understanding of the constitutional and statutory implications involved in the transfer of property from one entity to another by which *title* is passed.

These cases set forth certain aspects of constitutional rights that cannot be ignored by Congress. A sale necessarily divests an entity of its property and transfers it to another. In the process certain procedures must be followed to satisfy constitutional requirements. The Supreme Court of the United States has created certain limitations necessary to be heeded by Courts for the protection of property rights and the following cases only touch on a small segment of these principles. The cases apropos this aspect are: *Williams v. Austrian*, 331 U.S. 642, 67 S.Ct. 1443, 91 L.Ed. 1718; *Isaacs v. Hobbs* (1931), 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645, 17 A.B.R. (N.S.) 273; *Van Huffel v. Harkelrode* (1931), 284 U.S. 225, 52 S.Ct. 115, 76 L.Ed. 256, 18 A.B.R. (N.S.) 730; *Wright v. Union Central Life Ins. Co.*, 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490, 36 Am.B.R. (N.S.) 950; *Arkansas Corporation Commission v. Thompson* (1941) 313 U.S. 132, 61 S.Ct. 888, 85 L.Ed. 1244, 45 Am.B.R. (N.S.) 462, noted in (1942) 55 Harv.L.Rev. 1343; *Goggin v. Division of Labor Law Enforcement*, (1949) 336 U.S. 118, 69 S.Ct. 469, 93 L.Ed. 543; and *Hoehn v. McIntosh*, (C.C.A. 6th, 1940) 42 Am.B.R. (N.S.) 475, 110 F.(2d) 199.

How much the Code has strayed from the procedures developed over many years under the Act cannot be determined until many years of experience and questions arise and are considered on a case by case basis.

The 15th Edition of *Collier* treating the Code on Section 363(b) seems to contemplate that the Trustee will give notice and reads as follows:

Section 363(b) simply requires notice and a hearing before the trustee may use, sell or lease property of the estate other than in the ordinary course of business. The section applies when the business is not authorized to be operated or when the business is authorized to be operated and the proposed action is out of the ordinary course of business. A court order is not required. *The trustee is required to give notice of any proposed use, sale, or lease to provide an opportunity for objections and a hearing IF there are objections.* This is because section 102(1) provides that "notice and a hearing" means "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances" but authorizes the act without an actual hearing if one is not timely requested or there is insufficient time for a hearing. Emphasis added.

This raises the issue of what notice will be required, i.e. in the words of section 102(1), what notice will be appropriate in the particular circumstances. This will require inquiry both into the rights of creditors generally to notice and, *where the sale is to be free and clear of the interest in the property of another entity, e.g. a lienholder, into what notice will be necessary with respect to such entity.* Emphasis added.

■ This Court always remains open to the Trustees who may properly seek and invoke action by the Court. Until they do the Court will look on with interest charged with the duty and authority to approve or disapprove the Trustee's final reports and discharge him from his trust and the sureties on his bond.

The paper filed is nothing more than an inter-office communication to the United States Trustee and seeks no order from this Court.