IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM BURROWS, | § | |
| | § | No. 101, 2019 |
| Defendant Below– | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. No. 1507008924 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below– | § | |
| Appellee. | § | |

Submitted: May 17, 2019
Decided: July 8, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, William Burrows, appeals the Superior Court's denial of his motion for correction of sentence.  The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Burrows' opening brief that his appeal is without merit.  We agree and affirm.

(2)     The record reflects that Burrows pled guilty to one count of sexual solicitation of a child and one count of rape in the fourth degree on March 7, 2016. Following a presentence investigation, the Superior Court sentenced Burrows to an

aggregate of forty years of Level V incarceration, suspended after fifteen years for decreasing levels of supervision. Burrows did not appeal.

(3) On July 18, 2016, Burrows filed a motion for modification of sentence under Superior Court Criminal Rule 35(b). The Superior Court denied the motion, noting that it considered Burrows' convictions far too serious to warrant a sentence modification. Burrows did not appeal.

(4) On February 12, 2019, Burrows filed a motion to correct an illegal sentence under Superior Court Criminal Rule 35(a). The Superior Court denied the motion, finding that the motion was time-barred because it was filed more than ninety days after the imposition of the sentence; the sentence remained appropriate for the reasons stated at sentencing and no modification or reduction thereof was warranted; and that the sentence, while in excess of the range established by the Delaware Sentencing Accountability Commission ("SENTAC"), was nonetheless authorized by law. This appeal followed.

(5) We review the denial of a motion for correction of sentence for abuse of discretion.[1] To the extent a claim involves a question of law, we review the claim *de novo*.[2] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is

---

[1] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[2] Id.

internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[3] On appeal, Burrows argues his sentence is illegal because it impermissibly exceeded the SENTAC guidelines and because it violated double jeopardy principles.

(6) Although the Superior Court considered Burrows' motion as a motion to modify under Superior Court Criminal Rule 35(b),[4] the Superior Court addressed Burrows' argument that his sentence is illegal and rejected it. We agree. Burrows contends the Superior Court should have sentenced him within the SENTAC guidelines because he admitted guilt, showed remorse, and had no prior criminal history. But it is established Delaware law that a defendant has no legal or constitutional right to appeal a sentence authorized by statute simply because it does not conform to the sentencing guidelines established by SENTAC.[5] Generally, appellate review of a sentence ends upon a determination that the sentence fell within the statutory limits specified by the General Assembly.[6] Here, Burrows pled guilty to one count of sexual solicitation of a child, a Class B felony[7] for which the statutory

---

[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[4] Burrows filed his motion as a motion for correction of illegal sentence under Rule 35(a). A motion for correction of illegal sentence may be filed at any time and is not subject to the ninety-day limitation period of Rule 35(b).

[5] *Mayes v. State*, 604 A.2d 839, 845 (Del. 1992).

[6] Id.

[7] 11 *Del. C.* § 1112A(h) ("Sexual solicitation of a child is a class B felony if the defendant meets in person or attempts to meet in person with the child for the purpose of engaging in a prohibited sexual act.").

maximum sentence was twenty-five years of Level V incarceration[8] and one count

of fourth degree rape, a class C felony[9] for which the statutory maximum sentence

was fifteen years of Level V incarceration.[10]  Because Burrows' sentence does not

exceed forty years of Level V incarceration, we find no merit to Burrows' contention

that the Superior Court imposed an illegal sentence.

(7)    Burrows' argument—raised for the first time on appeal—that his

sentence violated double jeopardy principles is also unavailing.  Because Burrows

did not present this argument below, this Court ordinarily will not entertain it.[11]

Nevertheless, there is no substantive merit to Burrows' double jeopardy argument.

Double jeopardy "protects defendants 'against multiple punishments for the same

offense.'"[12]   That is, double jeopardy prohibits the State from punishing the

defendant twice for the same conduct—the same offense.  To determine if "there are

two offenses or only one," this Court asks, "whether each [offense] requires proof

of a fact which the other does not."[13]  Under that test, Burrows' argument fails

because sexual solicitation of a child and rape in the fourth degree are separate and

---

[8] 11 *Del. C.* § 4205(b)(2).

[9] 11 *Del. C.* § 770.

[10] 11 *Del. C.* § 4205(b)(3).

[11] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").

[12] *Parker v. State*, 201 A.3d 1181, 1184 (Del. 2019) (quoting *Poteat v. State*, 840 A.2d 559, 603 (Del. 2003)).

[13] *Blockburger v. United States*, 284 U.S. 229, 304 (1932).

distinct crimes; they have different elements, punish different criminal conduct, and a defendant can commit one without necessarily committing the other.[14] That is what occurred here. Burrows committed sexual solicitation of a child by using an electronic device to ask a child to engage in a prohibited act.[15] That offense was completed before he later sexually penetrated the child.[16] The fact that the two are connected—*i.e.*, the solicitation was used to place the child in a situation where Burrows could sexually penetrate her—does not mean they are the same offense. The Superior Court's imposition of a separate punishment for each crime thus did not violate principles of double jeopardy.[17]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[14] *Compare* 11 *Del. C.* § 1112A (establishing that "[a] person is guilty of sexual solicitation of a child if the person, being 18 years of age or older, intentionally or knowingly: (1) Solicits, requests, commands, importunes or otherwise attempts to cause any child to engage in a prohibited sexual act; or (2) Uses a computer, cellular telephone or other electronic device to communicate with another person, including a child, to solicit, request, command, importune, entice, encourage or otherwise attempt to cause a child to engage in a prohibited sexual act."), *with id.* § 770(a) (establishing that "[a] person is guilty of rape in the fourth degree when the person: (1) Intentionally engages in sexual intercourse with another person, and the victim has not yet reached that victim's sixteenth birthday . . .").

[15] Exhibit B to State's Motion to Affirm (May 17, 2019).

[16] *Id.*

[17] *Cooper v. State*, 2019 WL 494139, at *2 (Del. Feb. 7, 2019).