In re CARL.
No. 8107.

District Court, M. D. Pennsylvania.
Aug. 12, 1933.

218

J. P. Carpenter, of Sunbury, Pa., for trustee.

George B. Reimensnyder, of Sunbury, Pa., for mortgagee.

JOHNSON, District Judge.

The only questions presented by this petition for review are: First, whether a referee in bankruptcy has the power to order a sale of the bankrupt's real estate free and clear of all liens and incumbrances over the objection of the first lien creditor; and, secondly, if the referee has such power, whether in this case the evidence warranted the referee in ordering the sale of the real estate free and clear of all liens and incumbrances and directing that all liens be transferred and attached to the fund derived from the sale.

The records show that on March 14, 1933,

the trustee in bankruptcy of Albert Earl Carl filed his petition with the referee, asking for an order to sell the real estate of the bankrupt at public auction, free and clear of all liens and incumbrances, the same to attach to the fund derived from the sale. After notice to all parties in interest, a meeting of creditors was held when exceptions were filed by the Susquehanna Building & Loan Association, the holder of the first mortgage on the real estate, not to the sale, but to its being sold free and clear of liens, and asked that the sale be made subject to the lien of the first mortgage.

The state of the law with respect to the first question has become so well settled as to require little citation of authority. In the case of In re Prince & Walter, 131, F. 546, 549, 12 A. B. R. 681, this court, by Archbald, Judge, said: "But notwithstanding what has been said above about liens being unaffected by bankruptcy proceedings, it is in the power of the court to order a sale free and clear of them, regardless of how they would ordinarily stand."

In 7 Corpus Juris, § 359, p. 231, the general principle is laid down as follows: "Where property of the bankrupt is subject to a mortgage or other encumbrance, it may be sold free of liens, without any prior determination either as to their validity or as to their amount or extent, if there is reasonable ground for believing that more can be realized than the amount of the encumbrance, in which case the proceeds of the sale are held subject to the liens." In support of this proposition a large number of cases are cited.

The only question remaining is whether from the evidence the referee had reasonable grounds for believing that a sale of the property free and clear of liens would result in realizing a greater amount of money than the amount of the incumbrances, and whether such sale would be beneficial to the bankrupt estate and the other creditors of the bankrupt.

The testimony shows that the real estate in question was appraised by three disinterested appraisers, two of whom were expert real estate men, at $2,750. The mortgage held by the Susquehanna Building & Loan Association was approximately $2,200. At the hearing before the referee, four witnesses were called and examined by the attorney for the mortgagee. All or most of these witnesses were employees or directors of the Susquehanna Building & Loan Association, the mortgagee. These witnesses appeared not to have a very clear conception of what the result of selling free and clear of incumbrances would be, but they were all of the opinion that it should be sold subject to the mortgage. They were unable, however, to place a valuation on the property. At least one of the witnesses frankly stated that he did not know the value of the property. One of the witnesses was the owner of the adjoining property and under cross-examination testified that several years ago he had offered the then owner of the property $3,750, which offer was refused.

Under all the evidence the referee was warranted in finding that it would be to the best interest of the creditors of the bankrupt estate to sell the property free and clear of all liens and incumbrances and transfer the liens to the fund derived from the sale and his decision will not be disturbed.

The referee, in a carefully considered opinion, has reviewed the law and the evidence in this case, and it is unnecessary to add anything to what has already been said there.

And now, November 29, 1933, the petition for review of the referee's order is dismissed, and the order of the referee, dated July 6, 1933, directing the sale of the real estate of the bankrupt at public auction to the highest and best bidder, free and clear of all liens and incumbrances, said liens to attach to the fund derived from the sale, is affirmed.