## Fuhrmann & Schmidt Brewing Company v. The Guarantee Trust and Safe Deposit Company of Shamokin et al.

*Charles C. Lark*, for plaintiff.
*W. Irvine Wiest*, for defendants.

TROUTMAN, J., June 28, 1951.—This action to quiet title is brought to procure the satisfaction of a mortgage given May 16, 1904, by Shamokin Brewing Company to defendant, as trustee for bondholders. There is no dispute as to the facts in this case, defendant having filed an answer admitting all the averments set forth in the complaint. At the close of the pleadings defendant filed a motion for judgment on the pleadings which is now before the court for disposition.

On May 16, 1904, Shamokin Brewing Company was the owner of certain lots situate in the Borough of Shamokin, this county and on the same date executed

and delivered its bonds and a mortgage in the sum of $100,000, secured by said lots, to defendant, the Guarantee Trust and Safe Deposit Company of Shamokin, trustee for bondholders under the mortgage, which mortgage now remains open on the records of the Recorder of Deeds of Northumberland County.

On April 26, 1912, the mortgagor, Shamokin Brewing Company, was adjudicated a bankrupt and the mortgaged property was subsequently sold by the receivers in bankruptcy under an order of the United States District Court for the Middle District of Pennsylvania. The order of sale provided that the mortgaged premises should be sold freed and discharged of all mortgages, judgments, liens and encumbrances and the return of sale reported that the premises had been so sold to Fuhrmann & Schmidt Brewing Company, plaintiff.

Clearly, the mortgage in this case was discharged by the sale in bankruptcy. That fact is admitted by defendant in this case. The power of a Federal bankruptcy court to direct a sale of mortgaged property free of all liens has been long established. The Supreme Court of the United States, in several cases, of which a recent one is Van Huffel v. Harkelrode, 284 U. S. 225, 76 L. Ed. 256, has held that a bankruptcy court has the implied power to order encumbered property of a bankrupt to be sold free of liens and encumbrances, including tax liens as well as mortgages. See Re Carl (D. C., Pa.) 5 F. Supp. 215; Kelly v. Minor, 252 Fed. 115 (C. C. A.).

Defendant contends that since the mortgaged premises were sold free and clear of encumbrances, it is clear that the mortgage in question was discharged by the sale in bankruptcy and that it is therefore no longer a lien on the mortgaged premises despite the fact that it is not satisfied of record. Defendant further contends that the court has no jurisdiction in this case to

order the satisfaction of the mortgage in question for the mortgage is in the sum of $100,000 and the sale only brought $77,000.

The satisfaction of a mortgage denotes that the mortgage debt has been paid. In this case, plaintiff does not even contend that the mortgage was paid in full, the entire purchase price being less than the face amount of the mortgage. While the bankruptcy sale did not satisfy the mortgage, it did, nevertheless, discharge the lien of the mortgage on the property purchased by plaintiff. Consequently, under no circumstances can the mortgage be held to be a lien against plaintiff's property.

Under the Pennsylvania Rules of Civil Procedure relating to "Action to Quiet Title", it is provided in rule 1061(b)(3) that the action may be brought "to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land; . . ."

This rule is broad enough to cover a proceeding to discharge the lien of the mortgage. However, plaintiff seeks to have the mortgage satisfied of record and does not aver any other alternative relief. We are limited by the relief sought in the complaint and have no jurisdiction in this case to compel the Recorder of Deeds to mark the mortgage discharged. However, since defendant admits that the lien of the mortgage has been discharged by the sale in bankruptcy and clearly under the facts of this case the mortgage is no longer any lien upon the property in question and has been completely discharged by the bankruptcy sale, defendant, without the necessity of plaintiff bringing another suit, should take such steps as are necessary to have the mortgage in question discharged of record.

Under the circumstances of this case, the court cannot compel defendant to satisfy the mortgage in question and therefore must enter judgment on the pleadings in favor of defendant.

### Order

And now, to wit, June 28, 1951, it is hereby ordered, adjudged and decreed that defendant's motion for judgment on the pleadings be allowed and judgment is hereby entered in favor of defendant and against plaintiff, each party to pay its own costs.